**Haywood CASH and Rennell Cash, Plaintiffs-Appellants,**

v.

**SWIFTON LAND CORPORATION, Defendant-Appellee.**

No. 20288.

United States Court of Appeals, Sixth Circuit.

Dec. 4, 1970.

Lee J. Hereth, Cincinnati, Ohio (Cowell, Fletcher & Hereth, Cincinnati, Ohio, on the brief), for appellants.

David W. Matthews, Cincinnati, Ohio (William V. Finn, Cincinnati, Ohio, on the brief), for appellee; Taft, Stettinius & Hollister, Cincinnati, Ohio, of counsel.

Before CELEBREZZE, PECK and MILLER, Circuit Judges.

CELEBREZZE, Circuit Judge.

This is an appeal from an order of the United States District Court for the Southern District of Ohio dismissing the complaint of Mr. and Mrs. Haywood Cash [hereinafter "the Appellants"] against the Swifton Land Corporation ["the Appellee"], owner of a large apartment complex in Cincinnati, Ohio. The action was instituted under the Fair Housing Act of 1968, 42 U.S.C. §§ 3601, et seq. (1968), to forbid the Appellee from refusing, on racial grounds, to rent a vacant apartment to the Appellants, and to permanently enjoin the Appellee from refusing to rent vacant apartments to "all similarly situated Negro citizens" who apply for them in the future. The District Court's jurisdiction was properly invoked under 28 U.S.C. § 1343(4) (1964) for an alleged violation of 42 U.S.C. § 3604 (1968).

Reduced to essentials, the verified complaint states two instances in which the Appellee refused to rent vacant apartments to Negro families: once to the Cashes, and once to another, unidentified and unnamed Negro family. The complaint also states that the Appellee maintains a "quota" system in renting apartments, whereunder only a fixed ratio of Negroes are rented apartments, the remaining being reserved for White families. The lawsuit purports to be a class action, and seeks relief not only for the Cashes, but also permanent injunctive relief for "all similarly situated Negro citizens." The complaint also sought punitive damages.

The complaint was filed on November 6, 1969, and on the same day, the District Court entered an order temporarily restraining the Appellee from renting the vacant apartment the Cashes were interested in renting pending a hearing on the merits, and ordering the Appellee to show cause why an order should not enter preliminary restraining the Appellee from renting said apartment during the pendency of the action.

After some procedural delays, on December 22, 1969, a hearing was held before the District Court upon the complaint. At that time counsel for the Appellee informed the Court that the day after the complaint was filed, the Cashes had been offered the apartment they initially applied for. The offer was made expressly without prejudice to the Cashes' right to pursue the lawsuit. The Cashes had not, by the time of the hearing, accepted the offer, although they were considering it.

The District Court expressed some apprehension about the sufficiency of the complaint to sustain a class action, and inquired of Appellants' counsel whether there were a sufficient number of people "similarly situated" to the Cashes to justify a trial on a class action, and the time and expense it would entail. In response, Appellants' counsel stated:

"* * * it's not a whole big class in the sense it involves many people in the past or that way, but the practice that was brought out in this particular case brings it into a class action, and it applies there simply from the facts of the case * * *."

The Court further inquired:

"THE COURT: Well, are you saying that a court can conclude from the relationship between one plaintiff and one defendant that the defendant is practicing a pattern?

"Mr. Hereth [Counsel for the Appellants]: I think that will show it, your Honor. That will show it, with the other allegations that I have there

as to one other case [the case of the unnamed family] that was in the complaint there. I think it will show it as to the class of people here, as to Negroes, in other words, black people." [Bracketed words added.]

At the end of the hearing the District Court indicated that he would withhold further ruling on the case for a week, by the end of which the parties were to report to the court whether they had reached a satisfactory arrangement as to rental of the apartment.

Several days later, the Cashes accepted Appellee's offer, and rented the apartment. Thereafter, the District Court, on its own motion, ordered the complaint dismissed for mootness on behalf of the Cashes, and ordered the complaint dismissed otherwise for failure to state a class action. No punitive damages were awarded. Costs were taxed against the Appellee, and Appellants' counsel waived an award of attorney's fees.

We believe that two issues raised by the development of this case deserve some attention. First, whether the complaint stated a class action, in light of the proceedings in the District Court. Second, whether the District Court erred in declaring the controversy moot.

▆▆▆ Regarding the first issue, we find that the complaint as amplified by the statements of counsel before the District Court, was insufficient to state a class action. Rule 23(a), Federal Rules of Civil Procedure, provides:

"(a) *Prerequisites to a Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

▆▆▆ The complaint alleges only two instances of discrimination by the Ap-

pellee: one against the Cashes, the other against an unidentified family. Counsel for the Appellants was unable to state to the District Court that there were others "similarly situated" with the Cashes. When the Cashes' controversy was mooted, the only one remaining was that of the unnamed family. Clearly, one family is not a class. *See* Foster v. Mobile County Hospital Board, 398 F.2d 227 (5th Cir. 1968) (five members too few to make a class action); Smith v. Board of Education, 365 F.2d 770 (8th Cir. 1966) (seven members too few); Perry v. Grenada Municipal Separate School District, 300 F.Supp. 748 (N.D.Miss. 1969) (two members too few); Demarco v. Edens, 390 F.2d 836 (2d Cir. 1968) (ten members too few); Giordano v. Radio Corporation of America, 183 F.2d 558 (3d Cir. 1950).

▆▆▆ We do not mean to suggest that the determination of whether a complaint gives rise to a class action can be made merely on the basis of numbers. It is clear, however, that an action is not maintainable as a class action merely because it is designated as such in the pleadings. *See* generally, 3B Moore, Federal Practice, Par. 23.02–2, 230.5 (2d ed. 1969). The plaintiff has the positive burden of showing that the circumstances surrounding the case justify a determination by the district court, on a motion to dismiss or otherwise, that the number is so large that it would be impracticable to join all the parties. That was not done in this case.

Alternatively, in any event, the claims of the named plaintiffs, the Cashes, for injunctive relief having been satisfied, "[t]hey cannot represent a class of whom they are not a part." Bailey v. Patterson, 369 U.S. 31, 32–33, 82 S.Ct. 549, 550, 7 L.Ed.2d 512 (1962). Cf. Hall v. Beals, 396 U.S. 45, 49, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969).

▆▆▆ Turning to the second issue, the settlement by the parties with regard to the rental of an apartment mooted much of the controversy between the parties. We agree, for example, with the District Court that Appellants' request for an in-

junction against Appellee is moot. The parties' settlement grants Appellants the same relief they would have been awarded by the issuance of an injunction. *See* Gray v. Board of Trustees of the University of Tennessee, 342 U.S. 517, 72 S.Ct. 432, 96 L.Ed. 540 (1952).

The original complaint, however, of the Appellants sought damages, as well as injunctive relief. Neither the settlement of the parties as to the rental of the apartment, nor the awarding of costs and waiver of fees and security moots the question of damages. 42 U.S.C. § 3612(b) (1968). Indeed Section 3612, with its provision for actual damages and punitive damages up to a maximum of $1,000 per violation of the Fair Housing Act of 1968, is a strong congressional condemnation of unlawful discriminations in housing. Such a provision prevents a landlord from following a wilful pattern of discrimination or from resisting certain applicants and withdrawing his resistance when the applicant seeks relief by court litigation, without an accounting therefor. In that there is no indication in the record that the complaining party is no longer seeking damages, this case is remanded for resolution of whether damages should be awarded.