**Andrea CRIM et al., Plaintiffs,**

v.

**Helen GLOVER et al., Defendants.**

**Civ. No. 71–260.**

United States District Court,
S. D. Ohio, E. D.

Jan. 11, 1972.

---

**824**

Denis J. Murphy, Columbus, Ohio, for plaintiffs.

William J. Lohr, Columbus, Ohio, for defendants.

## OPINION AND ORDER

CARL B. RUBIN, District Judge.

Plaintiffs have brought an individual and class action under Section 812 of Title VIII of the Fair Housing Act of 1968 (the Act), 82 Stat. 73, 42 U.S.C. § 3601 et seq., § 3612; and under the Civil Rights Act of 1870, 42 U.S.C. § 1982.

In their suit plaintiffs, a black married couple residing in Columbus, Ohio, allege that the defendants refused to rent them an apartment in the Ohio State University area of Columbus. Plaintiffs further allege that this refusal was solely on the basis of race and therefore constituted discrimination in the sale or rental of housing in violation of Section 804 of the Act, 42 U.S.C. § 3604. Plaintiffs pray for a declaratory judgment that their rights have been violated, for injunctive relief, and for monetary damages, both punitive and compensatory, in the sum of Ten Thousand ($10,000.00) Dollars, and for reasonable attorneys fees.

This matter is now before the Court on defendants' motion to dismiss the Complaint on the ground that the Court does not have subject matter jurisdiction over this controversy. Defendants argue that plaintiffs have failed to exhaust their administrative remedies under Section 810(a) and (d) of Title VIII, 42 U.S.C. § 3610(a) and (d). Section 810(a) provides that within one hundred and eighty days after the occurrence of the alleged discriminatory housing practice:

> Any person who claims to have been injured by a discriminatory housing practice . . . may file a complaint with the Secretary [of Housing and Urban Development].

Section 810(d) provides that the aggrieved party may file a suit in federal district court within thirty days of the time the Secretary refers his complaint to an appropriate State or local agency operating under a State or local fair housing law:

> *Provided,* That no such civil action may be brought in any United States district court if the person aggrieved has a judicial remedy under a State or local fair housing law which provides rights and remedies for alleged discriminatory housing practices which are substantially equivalent to the rights and remedies provided in this subchapter.

Defendants assert that Sections 4112.01 et seq., Ohio Revised Code, is the type of statute within the meaning of the proviso to Section 810(d) of the Act.

Section 812(a) of the Act, 42 U.S.C. § 3612(a) provides in material part that:

> The rights granted by Section [803, 804, 805 and 806 of this Act] may be enforced by civil actions in appropriate United States district courts without regard to the amount in controversy and in appropriate State or local courts of general jurisdiction.

Section 812(a) further requires that complaints must be filed in courts of competent jurisdiction within one hundred and eighty days from the time the alleged discriminatory housing practice occurred and by way of proviso allows the district court discretion to postpone consideration of complaints previously filed pursuant to Section 810(a).

■ The positions taken by the respective parties can be easily summarized. Defendants maintain that Title VIII private litigants must exhaust their Section 810 remedies before filing suit in District Court. Plaintiffs assert that rights violated under Section 812, including the right to sue in federal court, exist independently and are distinct from the procedures established in Section 810. Therefore, while defendants argue that the relationship of Section 810 to Section 812 is a conjunctive one, plaintiffs maintain that these statutory provisions exist disjunctively and provide alternative means of redressing instances of housing discrimination in violation of Title VIII.

The Court has carefully reviewed the briefs of the parties, the existing case law and the legislative history of Title VIII. We conclude that plaintiffs' position is the correct one—that Congress intended the remedies provided for in Sections 810 and 812 to be separate, distinct and in the alternative and we so hold. Consequently, plaintiffs have the right to bring a suit in federal district court alleging racial discrimination in the rental of housing under Section 812, before exhausting or attempting to exhaust the remedies provided for in Section 810.

Our view is in accord with the weight of authority. A clear majority of cases which have considered this question have either squarely held or broadly implied that the remedies of Sections 810 and 812 exist in the alternative. See, Brown v. Lo Duca, 307 F.Supp. 102 (E.D.Wis.1969); Johnson v. Decker, 333 F.Supp. 88 (N.D.Calif.1971); Trafficante v. Metropolitan Life Insurance Company, 446 F.2d 1158, 1161–1162 (9th Cir. 1971); also see, James v. Hafler, 320 F.Supp. 397 (N.D.Ga.1970); United States v. Mintzes, 304 F.Supp. 1305, 1310 (D.Md.1969).

The only case cited by defendants in support of their motion is not persuasive. Colon v. Tompkins Square Neighbors, Inc., 289 F.Supp. 104 (S.D.N.Y. 1968) held that the proviso to Section 810(d) required exhaustion of state remedies before suit could be brought in district court under that statutory section. *Colon, supra,* does not deal with the inter-relation of Section 810 to Section 812. In fact there is nothing in *Colon* which would indicate that the court considered the existence of Section 812 and the alternative remedies it provides, including the right of direct access to the federal courts.

The view adopted by this Court is amply supported by the often "chaotic" legislative history of Title VIII. See Note, Discrimination in Employment and in Housing: Private Enforcement Provisions of the Civil Rights Act of 1964 and 1968, 82 Harv.L.Rev. 834, 863 (1969).

The predecessor of Title VIII was Title IV of the 1966 Civil Rights Act, H.R. 14765. Title IV as passed on August 9, 1966, by the House of Representatives provided for the creation of a federal Fair Housing Board with extensive mediation and enforcement powers similar to those entrusted to the National Labor Relations Board. These provisions were deleted from the bill that was ultimately

passed by the Senate where the provisions creating an administrative agency such as the NLRB or EEOC were deleted and Title VIII assumed its present configuration. The floor debate in the Senate of Title VIII was very sketchy and no committee reports were prepared by either chamber. The Act was debated, as H.R. 2516, on the floor of the House of Representatives and passed in the wake of the assassination of the Rev. Martin Luther King. As to be expected, floor debate was more emotive than clarifying. The remarks most helpful in resolving the issue now before the Court were made by Rep. Emmanuel Celler (D–N.Y.) floor manager for Title VIII in the House when he stated:

> H.R. 2516 provides three methods of obtaining compliance: administration compliance, private suits, and suits by the Attorney General for a pattern or practice of discrimination. 114 Cong. Rec., Part 7, H2765.

It appears to this Court that Rep. Celler was referring respectively to Sections 810, 812 and 813 and that his sentence is grammatically in the disjunctive.

This conclusion that the remedial provisions of the Act are alternative ones is fortified by remarks made by Rep. Celler after he discussed the functions of the Secretary under Section 810 of the Act when he noted:

> *In addition to administrative remedies the bill authorizes immediate civil suits by private persons* within 180 days after the alleged discriminatory housing practice occurred in any appropriate U. S. district court or appropriate State or local court of general jurisdiction. [emphasis supplied]

114 Cong.Rec. Part 7, H2765; also see, Note supra, 82 Harv.L.Rev. 834, 855–857, 862.

■ It should be noted that even assuming, *arguendo,* that defendants' motion was meritorious, plaintiffs' suit would not be dismissed. The plaintiffs in addition to their complaint under Title VIII have alleged discrimination in violation of the general Civil Rights Act,

42 U.S.C. § 1981 et seq., § 1982. It is now settled that the passage of Title VIII did not preempt the ban against discrimination in place of public accommodation which exists under Section 1982. Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968); Sullivan v. Little Hunting Park, 396 U.S. 229, 90 S.Ct. 400, 24 L. Ed.2d 386 (1969); Johnson v. City of Cincinnati, 450 F.2d 796 (6th Cir. Oct. 12, 1971).

Deciding as we do that Section 812 provides for direct and immediate access to appropriate courts, it is not necessary that this Court also determine whether Sections 4117.01 et seq., Ohio Revised Code, provide remedies which are "substantially equivalent to the rights and remedies" of Title VIII within the meaning of the proviso to Section 810(d), 42 U.S.C. § 3610(d).

■ Plaintiffs' second cause of action alleges a class action based on the same set of facts presented in their first cause. We do not believe this suit is appropriately in class action under Rule 23(a), Fed.R.Civ.P. In a similar suit under Title VIII our Circuit Court held that:

> Clearly, one family is not a class. . . . [A]n action is not maintainable as a class action merely because it is designated as such in the pleadings . . . The plaintiff has the positive burden of showing that the circumstances surrounding the case justify a determination by the district court, on a motion to dismiss or otherwise, that the number is so large that it would be inpracticable to join all the parties. That was not done in this case.

Cash v. Swifton Land Corporation, 434 F.2d 569, 571 (6th Cir. 1970). It was not done in the case at bar either. Accordingly, reference to all plaintiffs other than the two named plaintiffs is stricken from the complaint and this suit will not be permitted to proceed as a class action.

Wherefore, defendants' motion to dismiss the complaint on the grounds that the Court does not have subject matter jurisdiction over this action is without merit and it is hereby denied.