**Loraine BLANKENSHIP**

v.

**WOMETCO BLUE CIRCLE, INC.**

**Civ. A. No. 8020.**

United States District Court,
E. D. Tennessee, N. D.

Nov. 20, 1972.

J. Paul Robinson, Guess & English, Knoxville, Tenn., for plaintiff.

J. Louis Sapp, Atlanta, Ga., Fowler, Rowntree, Fowler & Robertson, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This suit is brought pursuant to Title 42 U.S.C. § 2000e–2 to obtain injunctive relief and back pay for alleged acts of racial discrimination in employment. Plaintiff brings the action under Rule 23(b)(2) of the Federal Rules·of Civil Procedure in her own behalf and as a representative of other persons similarly situated.

The class that plaintiff represents, according to the complaint, is comprised:

". . . of Negro persons who are employed, or might be employed by Wometco Blue Circle Stores at its restaurants located in Knoxville, Tennessee, who have been and continue to be or might be adversely affected by the practices complained of herein."

Plaintiff alleges that on March 30, 1970, she, as a supervisory employee, was forced to send a White employee home. Due to this altercation she was demoted, transferred to another restaurant, and finally forced to quit defendant's employ.

It is further alleged that the policies and practices of defendant with reference to recruitment, hiring, conditions of employment, and promotional opportunities of Blacks have resulted in discriminatory treatment of plaintiff and the class she represents.

■■ The burden to establish that all of the requirements of Rule 23(a) have been satisfied rests with the plaintiff. 3B Moore, Federal Practice, Par. 23.02–2, 23.05 (2 Ed. 1969). Plaintiff, by her complaint, presents a broad attack of defendant's employment practices with regard to Blacks. By her own allegations, however, she has only been affected in terms of promotional opportunities and working conditions. Other than conclusory assertions, nowhere in the complaint does there appear a basis to support the claim relating to discrimination in hiring and recruitment. Plaintiff herself was hired by the defendant on at least one and possibly two occasions. She is in no way a member of the class of the individuals, assuming they exist, who have been discriminatorily denied employment by the defendant.

■ In a civil rights action, a party does not qualify as a representative merely because of his or her race. They must also show that they were the object of the discrimination against which the suit is directed.

■ It is also incumbent upon the plaintiff to prove that the class she represents is so numerous that joinder is impracticable. Federal Rules of Civil Procedure 23(a)(1). Here there is alleged just one instance of discrimination affecting one individual. There is no magic in the phrase "similarly situated." Designating an action as a class action produces serious consequences for the parties involved, the court, and others who may be bound. If joinder is practical it should be attempted. This Court fails to perceive how alleging a single discriminatory occurrence raises this action to a class proceeding. See Cash v. Swifton Land Corporation, 434 F.2d 569 (6 Cir. 1970); Pegues v. Bakane, 445 F.2d 1140 (5 Cir. 1971); Crim v. Glover, 338 F.Supp. 823 (D.C.1972). We note, however, that Rule 23(c)(1) of the Federal Rules of Civil Procedure allows us to make this order conditional until we have viewed the proof at the trial on the merits.

■ A preliminary injunction was denied under the circumstances presented in this case. The preliminary injunction "serves as an equitable policing measure to prevent the parties from harming one another during the litiga-

tion; to keep the parties, while the suit goes on, as far as possible in the respective positions they occupied when the suit began." Hamilton Watch Co. v. Benrus Watch Co., 206 F.2d 738, 742 (2 Cir. 1953). A preliminary injunction at this juncture would be untimely if not a pre-judgment of the merits in advance of the trial. The denial of the preliminary injunction must not be construed as a final ruling on the question of whether plaintiff will or will not be entitled to an injunction after a full evidentiary hearing is had.