Dolores Jean MASON, Individually and on behalf of all other persons similarly situated, Plaintiff,

v.

CALGON CORPORATION, a corporation, Defendant.

Civ. A. No. C.A. 73–955.

United States District Court,
W. D. Pennsylvania.

April 30, 1974.

Michael P. Malakoff, Louise R. Malakoff, Pittsburgh, Pa., for plaintiff.

Scott F. Zimmerman, James J. Restivo, Jr., Pittsburgh, Pa., for defendant.

## OPINION AND ORDER

SNYDER, District Judge.

Plaintiff was an employee of Calgon Corporation (Calgon) from April 19, 1970, until April 10, 1972. She brought this action seeking injunctive relief and damages, individually and on behalf of the class of persons similarly situated, alleging racial discrimination in employment against her and other Negro persons, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981. Jurisdiction of this Court is claimed under 28 U.S.C. § 1343(4), in addition to the foregoing statutory provisions.[1] Along with her Complaint, the Plaintiff filed a "Motion For Class Action Determination", which is presently before the Court.[2]

Plaintiff claimed she was discriminated against and finally discharged from her employment pursuant to a policy,

---

1. "§ 1343. Civil rights and elective franchise
 The district court shall have original jurisdiction of any civil action authorized by law to be commenced by any person: * * *
 (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote. . . ."

2. Rule 23(c)(1) provides:
 "As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits.

practice or custom of Calgon which she described as follows:

"(a) Failure to provide Plaintiff with adequate training in the operation of a newly installed system for processing orders, the processing of orders being Plaintiff's primary responsibility in her position as senior order clerk;

(b) Failure to respond to Plaintiff's request for information and instruction as to the new system;

(c) Assigning to Plaintiff inordinate amounts of work to be performed by Plaintiff;

(d) Delay by Plaintiff's supervisor in assigning orders to Plaintiff so that her job was made more difficult and a backlog of work developed;

(e) Failure to advise Plaintiff in advance that her performance was inadequate or falling below minimum standards; and

(f) Denial to Plaintiff of the opportunity to transfer to another department as an alternative to discharge."

The Plaintiff further claimed that Calgon, its agents, servants, and employees, engaged and are presently engaging in a practice or policy of discrimination against black persons as a class by:

"(a) hiring practices which deny black persons an equal opportunity to obtain employment with Defendant;

(b) hiring black persons at a lower rank or in lower level positions and at a lower rate of pay than comparably trained and qualified white persons;

(c) failing to promote black employees to higher and better paying positions in the same manner and at the same rate as comparably trained and qualified white employees;

(d) applying standards of conduct to black employees which are more exacting than those standards applied to white persons;

(e) imposing more severe disciplinary actions on black employees than on white employees;

(f) discharging or terminating the employment of black employees without just cause and for reasons and conditions not applied to white employees;

(g) imposing unreasonable, unwarranted and arbitrary conditions and standards which black employees must meet in order to retain their employment; and

(h) otherwise limiting, segregating or discriminating against black persons in ways which deprive them of opportunities for employment, jeopardize the retention of their jobs and adversely affect their status as employees."

After receipt of Briefs and oral argument thereon, and upon consideration thereof, the Court concludes that the "Motion For Class Action Determination" to permit this case to proceed as a class action, must be denied.

Before discussing the Motion on its merits, several procedural aspects need to be considered. In the original Complaint there was no allegation of a receipt of a "Notice Of Right To Sue" letter.[3] The "notice" that was attached

3. "NOTICE OF RIGHT TO SUE WITHIN 90 DAYS"
"In Case No. before the Equal Employment Opportunity Commission, United States Government.
YOU ARE HEREBY NOTIFIED THAT:
WHEREAS, this Commission has not filed a civil action with respect to your charge as provided by Section 706(F)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq; and,

WHEREAS, this Commission has not entered into a conciliation agreement to which you are a party;
THEREFORE, pursuant to Section 706(F) of Title VII, you may, *within 90 days of your receipt of this Notice*, institute a civil action in the United States District Court having jurisdiction over your case.
Should you decide to commence judicial action, you must do so within 90 days of the

was an internal form which would ordinarily serve as the basis for the issuance of a formal notice of the right to sue. The Plaintiff filed a "Motion To File a Supplemental Complaint", including the Right To Sue letter,[4] on December 4, 1973, and leave was granted to the Plaintiff to file and serve the Supplemental Complaint.

On December 26, 1973, without benefit of any discovery, Plaintiff filed a Brief in Support of the Motion for Class Determination. The record discloses that the Motion was never served on the Defendant, and neither was a notice of the presentation of the Motion or a copy thereof. Nor was the Defendant ever notified of the time when the Motion was to be filed with the Court. This is in violation of Local Rule 4.[5] Therefore, the Motion could be stricken by this Court, but the Motion will be

---

receipt of this letter or you will lose your right to sue under Title VII.

If you are not represented by counsel and you are unable to obtain counsel the Court may, in its discretion, appoint an attorney to represent you.

Should you have any further questions concerning your legal rights or have any difficulty filing your case in court, please call the District Director, Pittsburgh District Office at (412) 644-3444."

4. Ms. Delores Jean Mason
 108 Sylvania Avenue
 Pittsburgh, PA 15210

In reply refer to:
Case No. MASON v. CALGON CORP.
YPI3–083

### NOTICE OF RIGHT TO SUE WITHIN 90 DAYS*

Pursuant to Section 1601.25a(c) of Title 29 of the Rules and Regulations of this Commission, you are hereby notified that you may, within ninety (90) days of receipt of this communication, institute a civil acton in the appropriate Federal District Court.

The issuance of this notice shall suspend further Commission proceedings unless, within twenty (20) days after receipt of this notice, you request the Field Director in writing to continue to process this case; or the Commission determines that it is in the public interest to continue such proceedings.

If you are unable to retain an attorney, the Federal District Court is authorized, in its discretion, to appoint an attorney to represent you and to authorize commencement of the suit without payment of fees, costs or security. If you decide to institute suit and find you need assistance, you may take this letter, along with any correspondence you have received from the Commission, to the Clerk of the Federal District Court nearest to the place where the alleged discrimination occurred, and request that a Federal District Judge appoint counsel to represent you.

Should you decide to sue, please have your attorney complete the enclosed post card as soon as possible.

s/ Eugene V. Nelson
Eugene V. Nelson
District Director

11–21–73
Date

\* See E.E.O.C.'s "DETERMINATION"—Appendix A.

---

5. Rule 4(a)(2) reads in relevant part:

 "Miscellaneous Motions: These are motions which require notice and a copy thereof to be served on the opposing party or counsel, together with an acceptance of service thereof. The notice shall set forth the time when said motion will be filed with the Clerk of Court.

 Unless such motion is accompanied by proof of service on all parties and unless it is accompanied by a proposed appropriate Order of Court, it is improper and may be stricken by the Court upon its own motion or upon the motion of an adverse party."

given substantive analysis since all parties filed briefs, and the Court considered the substantive questions involved. Then, on February 5, 1974, the Defendant took the oral deposition of the Plaintiff, and on February 8, 1974, the Defendant filed its Responses to the Plaintiff's Interrogatories. On February 15, 1974, the Defendant filed its Response to the Plaintiff's Request for Production of Documents. The Defendant filed a Brief in opposition to the Motion for Class Action Status and also filed an Affidavit of Leslie J. Dillman, Manager of Employment and Placement for Calgon Corporation. At the argument, Counsel for the Plaintiff had no objection to consideration of the facts set forth in the Dillman Affidavit and in the Plaintiff's oral deposition relating to salaries and promotions of Dolores Jean Mason.

The Plaintiff began her employment as an Invoice Clerk at a starting salary of $325 per month. Less than three months later, on July 1, 1970, she was promoted to an Order A, Grade II, Clerk at a salary of $341 per month. On September 1, 1970, she was promoted to Intermediate Clerk, Grade III, at another salary increase to $424, and received an automatic six month salary increase on March 1, 1971. On July 1, 1971, she received the benefit of a general wage increase and of an automatic twelve month salary increase on March 1, 1972, at which time she was earning $495 per month.

At the time of her deposition, the Plaintiff described her charges of employment discrimination as follows (Tr. pp. 4 and 5):

"Q. Miss Mason, in what ways do you claim that Calgon Corporation has discriminated against you because of your race or color?

A. Both.

Q. In what ways?

A. Because I was not given the proper training that white was given.

Q. Do you feel that you were discriminated against in any other ways?

A. In the training program.

Q. Is that your complete answer?

A. Promotional-wise.

Q. Any other ways?

A. No."

She later clarified the foregoing response by admitting that she was not discriminated against in promotional ways and that her complaint was basically grounded upon an alleged lack of training. By way of further clarification, the Plaintiff explained that by such lack of training she referred to the new Order Entry System, initiated in January or February, 1972, and that she was not alleging any discrimination concerning her training prior to the use of the new system (Tr. p. 6).

The real crux of the Plaintiff's difficulties apparently stems from the adoption of a new computerized system of order entry which was introduced on a training basis in November of 1971. The system eliminated the manual typing of orders and bills of lading, and permitted sales order clerks to enter appropriate data on a computer which automatically created bills of lading for shipping purposes.

The Plaintiff further stated that she didn't know anything about the systems in other departments or how employees worked in those departments (Tr. p. 45).

Rule 23 of the Federal Rules of Civil Procedure, in relevant part, provides:

"(a) *Prerequisites to a Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact

common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) *Class Actions Maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

\* \* \* \* \* \*

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."

 This Court is very mindful of the principle that we must construe pleadings and the relief sought so as to provide relief from racial discrimination on the broadest possible front. Trafficante v. Metropolitan Life Ins. Co., 409 U.S. 205, 93 S.Ct. 364, 34 L.Ed.2d 415 (1972); Rosen v. Public Service Electric and Gas Company, 477 F.2d 90 (3d Cir. 1973); Hackett v. McGuire Brothers,

Inc., 445 F.2d 442 (3d Cir. 1971); Young v. International Telephone & Telegraph Co., 438 F.2d 757 (3d Cir. 1971). Title VII does not, however, automatically grant the right to class action. Judge Gasch of the U. S. District Court of the District of Columbia in the case of Kinsey v. Legg, Mason & Company, Inc., 60 F.R.D. 91 (D.C.D.C.1973), very succinctly stated the legal premise as follows (at page 98):

"It has long been recognized that under certain circumstances class actions are allowable for suits alleging racial discrimination in employment under Title VII of the 1964 Civil Rights Act. *See, e. g.,* Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (5th Cir. 1968). However, it should be emphasized that not every civil action brought pursuant to Title VII *automatically qualifies as a proper class* action under the stringent requirements of Rule 23(a). In the case of Gresham v. Ford Motor Co., 53 F.R.D. 105, 106–107 (N.D.Ga.1970), the court, faced with a plaintiff whose claim arose from an isolated factual situation, stated in part:

.'[T]his appears to be a case of particular action taken against an individual, resolution of the dispute involving which will require only examination of the particular facts involved . . . The sole basis for allowing maintenance of this suit as a class action is that the actions taken against the plaintiff were allegedly motivated by racial discrimination. Only by accepting the premise that every civil action for racial discrimination in employment states a case for treatment as a class action can the plaintiff's position be accepted and the class action allowed to proceed.

This premise is unacceptable on a legal level.

\* \* \* \* \* \*

The premise that every civil action for racial discrimination in em-

ployment states a case for treatment as a class action is also unacceptable on the level of equity. Where an individual of a certain race, color, religion, sex, or national origin is aggrieved by particular company action against him, it is patently unfair to the company to require it to list, explain and defend every refusal to hire, failure to promote, disciplinary action and termination of every applicant or employee of that race, color, religion, sex, or national origin since enactment of Title VII.'

Thus, as in every other cause of action, an employment discrimination suit must satisfy all the prerequisites of Rule 23(a) before it can be maintained as a class action."

■ Federal Courts have consistently recognized that on a Motion to Determine Class Action, the burden is on the Plaintiff to show that the action meets the prerequisites of Rule 23 before it can be determined that any case should proceed as a class action. Poindexter v. Teubert, 462 F.2d 1096 (4th Cir. 1972); Demarco v. Edens, 390 F.2d 836 (2nd Cir. 1968); Blankenship v. Wometco Blue Circle, Inc., 59 F.R.D. 308 (E.D. Tenn.1972); City of Philadelphia v. Emhart Corporation, 50 F.R.D. 232 (E. D.Pa.1970). In the latter case, Judge Wood stated the following (at p. 235):

". . . . language in the recent decision of our Circuit in Kahan v. Rosenstiel, 424 F.2d 161 (1970), albeit on a somewhat different point, suggests that it inclines toward the less onerous rule from the plaintiff's point of view at least at the outset of the case

\* \* \* 'The determination whether there is a proper class does not depend on the existence of a cause of action. A suit may be a proper class action, conforming to Rule 23, and still be dismissed for failure to state a cause of action.' (p. 169)

This would seem to be in accord with the suggestion of Professor Moore that the requisite preliminary showing be a 'minimal demonstration that the complaint is sincere and the aggregate group claim is substantial' or a 'demonstration that the claim put forth on behalf of the class is more than frivolous or speculative.' 3B Moore's Federal Practice, ¶ 23.45 [3]. Cf. Philadelphia Electric Company v. Anaconda American Brass Co., *supra*." [43 F. R.D. 452 (E.D.Pa.1968)].

■ At this juncture of the case then, we must determine if the Plaintiff has satisfied the minimal burden suggested by the above, as to whether the requirements of Rule 23 are met and not whether the Plaintiff has stated a cause of action. Katz v. Carte Blanche Corporation, 496 F.2d 747 (3d Cir. 1974); Miller v. Mackey International, Inc., 452 F.2d 424 (5th Cir. 1971); Kahan v. Rosenstiel, 424 F.2d 161 (3d Cir. 1970), cert. denied, sub nom. Glen Alden Corp. v. Kahan, 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290; City of Philadelphia v. American Oil Co., 53 F.R.D. 45 (D.N.J. 1971). It is enough if the complaint is "more than frivolous". 3B Moore's Federal Practice, ¶ 23.45 [3]. The allegations here are more than frivolous.

The Defendant contends that the Plaintiff has not shown that she is typical of a class, as required by Rule 23(a)(3). The Plaintiff purports to represent all Blacks; (1) who are employees of the Defendant; (2) who might have been employed by the Defendant; and, (3) who have been discharged by the Defendant due to their race. Plaintiff's Complaint alleged that the Defendant pursued discriminatory employment practices in the area of (1) hiring; (2) rank and pay; (3) promotion; (4) job standards; (5) disciplinary actions; (6) discharges and terminations; and other conditions of employment.

The deposition of the Plaintiff indicates that Dolores Jean Mason was

hired, promoted, and given rapid pay increases. Her complaints related to a discharge based on her race and a lack of appropriate training in the new Order Entry System in November of 1971. In the recent case of Blankenship v. Wometco Blue Circle, Inc., *supra*, in an Opinion by Judge Taylor, the following appears (at p. 309):

> "This suit is brought pursuant to Title 42 U.S.C. § 2000e–2 to obtain injunctive relief and back pay for alleged acts of racial discrimination in employment. Plaintiff brings the action under Rule 23(b)(2) of the Federal Rules of Civil Procedure in her own behalf and as a representative of other persons similarly situated.

> The class that plaintiff represents, according to the complaint, is comprised:

> '. . . of Negro persons who are employed, or might be employed by Wometco Blue Circle Stores at its restaurants located in Knoxville, Tennessee, who have been and continue to be or might be adversely affected by the practices complained of herein.'

> Plaintiff alleges that on March 30, 1970, she, as a supervisory employee, was forced to send a White employee home. Due to this altercation she was demoted, transferred to another restaurant, and finally forced to quit defendant's employ.

> It is further alleged that the policies and practices of defendant with reference to recruitment, hiring, conditions of employment, and promotional opportunities of Blacks have resulted in discriminatory treatment of plaintiff and the class she represents.

> The burden to establish that all of the requirements of Rule 23(a) have been satisfied rests with the plaintiff. 3B Moore, Federal Practice, Par. 23.-02–2, 23.05 (2 Ed. 1969). Plaintiff, by her complaint, presents a broad attack of defendant's employment practices with regard to Blacks. By her own allegations, however, she has only been affected in terms of promotional opportunities and working conditions. Other than conclusory assertions, nowhere in the complaint does there appear a basis to support the claim relating to discrimination in hiring and recruitment. Plaintiff herself was hired by the defendant on at least one and possibly two occasions. She is in no way a member of the class of the individuals, assuming they exist, who have been discriminatorily denied employment by the defendant.

> In a civil rights action, a party does not qualify as a representative merely because of his or her race. They must also show that they were the object of the discrimination against which the suit is directed.

> It is also incumbent upon the plaintiff to prove that the class she represents is so numerous that joinder is impracticable. Federal Rules of Civil Procedure 23(a)(1). Here there is alleged just one instance of discrimination affecting one individual. There is no magic in the phrase 'similarly situated.' Designating an action as a class action produces serious consequences for the parties involved, the court, and others who may be bound. If joinder is practical it should be attempted. This Court fails to perceive how alleging a single discriminatory occurrence raises this action to a class proceeding. See Cash v. Swifton Land Corporation, 434 F.2d 569 (6 Cir. 1970); Pegues v. Bakane, 445 F.2d 1140 (5 Cir. 1971); Crim v. Glover, 338 F.Supp. 823 (D.C.1972). We note, however, that Rule 23(c)(1) of the Federal Rules of Civil Procedure allows us to make this order conditional until we have viewed the proof at the trial on the merits."

█ Thus, in the present action, the Plaintiff's charge of alleged discrimination involving only isolated areas in one or two of the Defendant's employment

practices, has not met the criteria to permit a class action. O'Brien v. Shimp, 356 F.Supp. 1259 (N.D.Ill.1973); Kinsey v. Legg, Mason & Company, Inc., *supra*; Dennis v. Norwich Pharmacal Co., 17 F.R.Serv.2d 126 (D.S.C.1973); Bean v. Star Fibers, Inc., 17 F.R.Serv.2d 124 (D.S.C.1972).

As stated by Judge Simons in Bean v. Star Fibers, Inc., *supra* (at p. 126):

"On March 9, 1972, pursuant to proper notice, plaintiff gave sworn testimony on oral deposition before a court reporter. Although plaintiff was given opportunity to express any and all racially based acts of discrimination engaged in by defendant, plaintiff neither demonstrated the requisite numerosity of class membership nor typicality of claims necessary to support a class action. Accordingly, defendant's motion to dismiss the complaint as to the alleged class is hereby granted."

For the reasons as hereinabove set forth, it is apparent that the Plaintiff in this proceeding has not demonstrated the typicality of the class she seeks to represent as is required by Rule 23(a)(3).

■ Similarly, the Plaintiff has not satisfied the first prerequisite to a class action contained in Rule 23(a)(1), and that is that "the class is so numerous that joinder of all members is impracticable." The burden of showing that the joinder is impracticable is on the party instituting the action. Rossin v. Southern Union Gas Company, 472 F.2d 707 (10th Cir. 1973); Cash v. Swifton Land Corporation, 434 F.2d 569 (6th Cir. 1970); Demarco v. Edens, *supra*, at p. 845. The complaint, of course, alleges this requirement to be satisfied but a mere allegation is insufficient to satisfy this burden. Page v. Curtiss-Wright Corp., 332 F.Supp. 1060 (D.N.J.1971); Cash v. Swifton Land Corporation, 434 F.2d 569 (6th Cir. 1970).

As the Court held in the Bean v. Star Fibers, Inc. case:

"It is established that the bare allegation of numerosity or the allegation of a class so vague that a finding of numerosity would rest upon speculation, does not meet the requirements of Rule 23(a)(1). Page v. Curtiss-Wright Corp., 3 FEP Cases 1187 [332 F.Supp. 1060] (DNJ 1971); Allen v. Pipefitters, Local 208, 4 FEP Cases 1229 [56 F.R.D. 473] (1972); Tolbert v. Western Electric Co., 4 FEP Cases 1172 [56 F.R.D. 108] (1972). Likewise, the mere allegation of typicality, without demonstration that there are other members of the class who have the same or similar grievances as the plaintiff, does not comply with the requirements of Rule 23(a)(3) of the Federal Rules. See, White v. Gates Rubber Co., 53 F.R.D. 412 (D.Colo. 1971)."

■ In the instant case, assuming that the class were composed of all Blacks discharged by the Defendant since January 1, 1971, it would consist of one other black person beside the Plaintiff. If all Blacks who were separated from employment due to a reduction in work force were added to the number, the total would be five Blacks. If the class also consisted of all Blacks working in Plaintiff's Division of the Sales Order Department, the total would be increased by only two employees. Even if the class is held to constitute all non-exempt Blacks employed as clerks, typists, or stenographers, since January 1, 1970, the class would still amount to only twenty-three Blacks.

We are not solely concerned with a question of numbers, but also with the question of whether *the joinder of the members is impracticable*. In Kinsey v. Legg, Mason & Company, Inc., *supra*, the Court stated as follows (at p. 100):

"With the potential class restricted to black persons who applied for but were denied retail securities salesman positions, it is apparent from the record that the class is not so 'numerous that joinder of all members is im-

practicable.' Rule 23(a)(1). It is well settled that a bare allegation of numerosity founded upon mere conjecture as to the size of the class does not satisfy the requirements of Rule 23(a)(1)." [Citations omitted]

The discussion relating to the typicality requirement of Rule 23(a)(3) is equally applicable to the "commonality" prerequisite of Rule 23(a)(2), i. e. "there are questions of law or fact common to the class".

The facts set forth in the Plaintiff's claim, and the class she would represent, allege that the Defendant failed to properly train black employees in the operation of their various positions, and discharged black persons because of their race. As held in Poindexter v. Teubert, *supra*:

"The burden is on the plaintiffs in a class action to show that their action meets the prerequisites of Rule 23(a). Demarco v. Edens, 390 F.2d 836 (2nd Cir. 1968); Phillips v. Sherman, 197 F.Supp. 866 (N.D.N.Y. 1961). The plaintiffs only allege two acts of discriminatory treatment. They allege no facts tending to show that the defendants have engaged in similar practices with respect to other black citizens of Beckley, West Virginia. Thus they did not show and have not shown that there are other members of the class they purport to represent, and it cannot be said that their claims are typical of the claims or defenses of the class. Fed.R.Civ.P., 23(a)(1) & (3); see White v. Gates Rubber Co., *supra* [D.C., 53 F.R.D. 412]; Page v. Curtiss-Wright Corp., 332 F.Supp. 1060, (D.N.J.1971); cf. Yaffe v. Powers, 454 F.2d 1362 (1st Cir. 1972)."

 Knowing Counsel for the Plaintiff in this case, and the experience Counsel has had in numerous class actions, this Court can not conclude otherwise than that the fourth and final requirement of Rule 23(a) that "the representative parties will fairly and ade-

quately protect the interests of the class", is fully met. In the absence of any disabling antagonism or conflict, the primary criterion is that of "[the] vigor with which the representative party can be expected to assert and defend the interests of the . . . class." Berland v. Mack, 48 F.R.D. 121 (S.D.N.Y.1969); Herbst v. Able, 47 F.R.D. 11 (S.D.N.Y. 1969); Mersay v. First Republic Corporation of America, 43 F.R.D. 465, 470 (S.D.N.Y.1968).

 Since the threshold requirements of Rule 23(a) have not been met, the Plaintiff may *not* maintain this action as a Rule 23(b)(3) class action. However, even if the preliminary requisites of Rule 23(a) had been met, the additional requirement of Rule 23(b)(3) that "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy" is not present in the situation before us. The Plaintiff in this case was hired and promoted, and there are no common questions in this area of employment. The same is true for testing the other aspects of employment. The only common questions between the Plaintiff and other Blacks relate to training under the new Order Entry System and to discharge; these are individual questions which are not seen in the context of a class action complaint. They do not predominate in the context of this action as a matter for class consideration. *Cf.* Jenkins v. General Motors Corporation, 354 F.Supp. 1040 (D:Del.1973).

Furthermore, it does not appear in this particular situation that the class action is superior to the other available methods for the fair and efficient adjudication of the controversy. There is nothing in the record at this point to indicate a large number of potential plaintiffs to give rise to the use of the court's "superior method" for the han-

dling of the particular violation. The denial of the class action determination in the instant situation does not constitute the "death knell" to such an action. See Hackett v. General Host Corporation, 455 F.2d 618 (3rd Cir. 1972); Eisen v. Carlisle & Jacquelin, 370 F.2d 119 (2nd Cir. 1966) cert. denied 386 U.S. 1035, 87 S.Ct. 1487, 18 L.Ed.2d 598 (1967).

There is the further legal doctrine which clearly applies to the case *sub judice*, and that is, that the result to be attained by the Plaintiff, i. e. damages for racial discrimination, would not effectively protect the entire class seeking instructional assistance. This result sought by the Plaintiff can be achieved without resort to the class action. Accordingly, a class action treatment of the claim here presented is not a superior method for the adjudication of the claim.

In accordance with our findings, we hold that the claims herein alleged do not· satisfy the prerequisites of Rule 23(a) and (b) and, therefore, a request for confirmation of the Plaintiff's action as a class action must be denied.

An appropriate order will be entered.

## APPENDIX A

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

PITTSBURGH DISTRICT OFFICE

1000 LIBERTY AVENUE

ROOM 2038

PITTSBURGH, PENNSYLVANIA 15222

In reply refer to:
Case No. YPI3–083
Charge No. TPI2–0893

Delores Jean Mason
108 Sylvania Avenue
Pittsburgh, Pennsylvania 15210 Charging Party

Calgon Corporation
Campbells Run Road
Pittsburgh, Pennsylvania 15230 Respondent

## DETERMINATION

Under the authority vested in me by Section 1601.19(b) of the Commission's Procedural Rules, 37 Fed.Reg. 20165 (September 27, 1972). I issue, on behalf of the Commission, the following determination as to the merits of the charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, and all jurisdictional requirements have been met.

Charging Party alleges that Respondent violated Title VII of the Civil Rights Act of 1964, as amended, by discharging her because of her race, Negro. She cites her good work performance under previous supervisors, a promotion and general wage increases. Trouble began, she asserts, when an inordinate amount of work was placed on her due to a co-worker's frequent absences. This accounts, according to the Charging Party, for the large amount of incomplete work which was found in her desk and which precipitated her discharge.

It is not disputed that Charging Party's work performance was satisfactory until a new computer system was instituted for processing order.

Respondent denies all charges of racial discrimination and maintains that Charging Party was discharged because of the backlog of unprocessed orders found in her desk, as well as her apparent inability to contend with a new computer order processing system.

Respondent's records indicate that a significant number of backlogged orders were found in Charging Party's desk. Interviews with co-workers and supervisory personnel, including those no longer with the company, indicate that although the Charging Party was a conscientious worker, she had difficulty with the new computer systems and was not prone to ask questions. The interviews further suggest that although Charging Party's co-worker was frequently absent, this alone could not account for the backlog. After Charging Party's dismissal, the co-worker was absent even more frequently and a backlog was not created.

The lack of warnings to Charging Party cannot be held to constitute disparate treatment since the supervisors involved have not terminated anyone else in a position similar to Charging Party's since 1965.

Based on the foregoing, the Commission concludes that reasonable cause does not exist to believe that Charging Party's discharge constitutes a discriminatory employment practice within the meaning of Title VII.

Like or related to the charge filed is the question of whether or not Respondent is engaged in unlawful hiring practices, generally which affect both females and blacks. Respondent's records· indicate that of March 30, 1970, Respondent employed 867 individuals; of these 16 are Negro; of Respondent's 172 officials and managers, none of the 164 professionals are Negro and 16 are women. The 1970 census statistics for the Pittsburgh Standard Metropolitan Area indicate that 7.1% of the population ·is Negro.

On the basis of the foregoing, the Commission finds reasonable cause to believe that Respondent is violating Title VII by its hiring and promotion policies which have resulted in under representation of Negroes and women in its entire work force and in its professional positions.

Having determined that there is reasonable cause, in part, to believe that the Respondent has engaged in unlawful employment practices under Title VII of the Civil Rights Act of 1964, as amended, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter. We enclosed an information sheet entitled Notice of Conciliation Process for the attention of each party.

On behalf of the Commission:

8/14–73

Date

(s) Eugene V. Nelson

Eugene V. Nelson
District Director

Enclosure