George DYER et al., Plaintiffs,

v.

Lawrence SCHECTER et al., Defendants.

UNITED STATES of America, Plaintiff,

v.

Lawrence SCHECTER et al., Defendants.

Nos. C 76–306 and C 76–308.

United States District Court,
N. D. Ohio, W. D.

Sept. 29, 1977.

C. Thomas McCarter, Green, Lackey, Newcomer & Harris, Toledo, Ohio, Michael L. Barrett, Housing Section—Civil Rights Div., Dept. of Justice, Washington, D. C., Patrick J. Foley, Asst. U. S. Atty., Toledo, Ohio, for plaintiffs.

Alexander M. Spater, Columbus, Ohio, for plaintiffs and for Mildred and Robert Fisher.

Doyle, Lewis & Warner, Thomas D. Smith, Toledo, Ohio, for Skillman.

Melvin G. Nusbaum, Nusbaum, Silverman, Phillips & Wittenberg, Toledo, Ohio, Thomas J. Beale, Southfield, Mich., for Schecter and Levin.

Julia Casey, Sheldon Slaybod, Casey & Slaybod, Toledo, Ohio, for Mildred and Robert Fisher.

## MEMORANDUM AND ORDER

DON J. YOUNG, District Judge.

This cause came to be heard upon various motions of the parties in each of these consolidated cases. Defendants Robert and Mildred Fisher have filed a motion to dismiss the claims against them in both case C76–306 and case C76–308. The motions are opposed. Defendants contend in their brief that the actions against them should be dismissed because the defendants are no longer employed as managers of the Parkway Mobile Home Village due to Mr. Fisher's illness and are "unlikely to be employed in the future as managers." Defendants' Brief pp. 1–2. The defendants, however have not submitted any affidavit or other material in support of their motion. The contention of the defendants is that the cessation of employment requires these actions to be dismissed as no equitable relief may be granted because of the change of circumstances.

■ The motions will be overruled. With regard to the private action brought by Plaintiffs George and Linda Dyer in cause C76–306, even were the Court to find equitable relief unnecessary and inappropriate, there remains the question of liability for money damages for the alleged discriminatory conduct. *Cash v. Swifton Land Corp.*, 434 F.2d 569 (6th Cir. 1970); 42 U.S.C. § 3612(c).

Without reaching the question of whether monetary damages may be awarded individual victims of discrimination in a suit brought by the Attorney General concerning violations of the fair housing provisions of the Civil rights Act of 1968, the Court finds the motion to dismiss in cause C76–

308 to be also without merit. Even assuming that monetary relief is unavailable in such an action, the defendants have failed to carry their burden of demonstrating that the claim for equitable relief is mooted by the cessation of employment.

■ In *United States v. W. T. Grant Co.*, 345 U.S. 629, 633, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953), the Supreme Court recognized the analysis required to determine whether equitable relief is appropriate where a change of circumstances has occurred after the commencement of suit:

> Along with its power to hear the cause, the court's power to grant injunctive relief survives discontinuance of illegal conduct . . . The necessary determination is that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive. The chancellor's decision is based on all the circumstances; his discretion is necessarily broad and a strong showing of abuse must be made to reverse it. To be considered are the bona fides of the expressed intent to comply, the effectiveness of discontinuance, and, in some cases, the character of past violations.

The defendants have not filed any affidavits or materials in support of the motion. In *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) the Supreme Court recognized "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Taking the allegations of the complaint as true, the Court cannot find that the Attorney General could prove no set of facts showing that there is a reasonable expectation that the alleged discriminatory conduct will be repeated. Even were the allegations in the defendants' brief properly before the Court in affidavit form in compliance with Rule 56(e), there is not presently before the Court a sufficient record to make the analysis required under *United States v. W. T. Grant Co.* The motion will therefore also be overruled with respect to cause C76–308.

Defendant Robert Fisher has also filed a motion for a protective order with regard to attendance of a deposition schedule to be held on July 20, 1977. The time for the deposition having passed and no motion to compel his attendance having been filed, the motion will be overruled as moot.

■ On July 21, 1977, Defendants Ralph Levin and Lawrence Schecter filed motions in both these actions for protective orders concerning discovery conducted by plaintiffs and agents of the Federal Bureau of Investigation. Specifically, the defendants' motions concern interviews of tenants residing at various properties owned by the defendants outside the state of Ohio. Defendants request protective orders:

1. prohibiting either of the plaintiffs from interviewing any of the defendants' tenants residing at any property other than the Parkway Mobile Home Village;

2. or if the Court permits such interviews, an order requiring that they be conducted by individuals other than agents of the FBI with prior Court approval being required for any questions to be asked and any statements to be made by the interviewer.

This Court by Memorandum and Order filed June 22, 1977, earlier rejected the defendants' contention that discovery regarding non-mobile dwellings and mobile homes outside the state of Ohio was beyond the scope of the complaint in the action brought by the Attorney General. The Court adheres to its prior ruling that information concerning defendants' properties outside Ohio is reasonably related to the allegations in that suit and reasonably calculated to lead to admissible evidence. The defendants' motion, to the extent it seeks to preclude tenant interviews at those properties, appears little more than a motion to reconsider the prior determination as to the scope of discovery to be permitted in the cause. The motion to preclude interviews of tenants of the defendants will therefore be overruled.

■ Defendants' next two contentions deal with the manner in which tenant inter-

views have been conducted. Defendants assert that it is improper for plaintiffs to refer to the fact that a civil suit is pending and to make comparisons with regard to other residential rental property. The vague statements in the affidavits concerning comparisons between Parkway Village and other properties are so conclusory as to fail to constitute a factual basis for the motion. The Court cannot determine what was said, much less whether it was proper. The defendants have cited the Court no authority holding that it is improper for agents of counsel conducting interviews in preparation of the case to identify themselves in terms of the case for which the interviews are taken. As the interviews are within the permissible scope of discovery in the action by the Attorney General it is not improper to identify the case for which they are being conducted.

■ The argument that defendants are entitled to a protective order to preclude the Attorney General from employing FBI agents in interviews of the tenants is also without merit. Defendants have not asserted any basis for such a restriction except the argument that FBI conducted interviews are inherently coercive. The fact alone that FBI agents rather than other government agents are employed in interviewing potential witnesses and otherwise investigating claims in a civil action provides no basis for Court intervention in the discovery process. *See United States v. I. B. M. Corp.*, 415 F.Supp. 668 (S.D.N.Y.1976). The Court could not hold otherwise without adopting a per se rule precluding use of FBI agents by government attorneys in investigating civil claims.

■ Counsel is entitled to latitude in the manner selected for integrating, developing, and researching his client's claim. This has been especially recognized when dealing with the question of Court interference with regard to the conduct and confidentiality of interviews in preparing the case. *See Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *I. B. M. v. Edelstein*, 526 F.2d 37, 44 (2d Cir. 1975); Fed.R.Civ.P. 26(b)(3). The defendants have not presented a factual basis which would justify Court interference with plaintiff's trial preparation so as to require the extraordinary procedure of requiring prior approval of questions to be asked in interviews of defendants tenants and how the interviews should otherwise be conducted.

The motion for a protective order in the action brought by the Attorney General will therefore be overruled. There is no indication that the private plaintiffs in cause C76–306 have interviewed or intend to interview tenants at defendants' residential rental property other than Parkway Village. Therefore, the motion to the extent it concerns cause C76–306 will also be overruled.

Defendants Ralph Levin, Lawrence Schecter, and Dean S. Skillman have each filed motions to vacate the trial date heretofore set in this cause of September 12, 1977. The motions will be overruled as moot as the trial date has been vacated due to an intervening criminal trial which takes precedence over civil claims.

Therefore, for the reasons stated herein, good cause appearing, it is

ORDERED that Defendants Robert and Mildred Fisher's motions to dismiss the claims against them in both cause C76–306 and cause C76–308 should be and they hereby are overruled, and it is

FURTHER ORDERED that Defendant Robert Fisher's motion for a protective order in cause C76–308, should be, and it hereby is, overruled as moot, and it is

FURTHER ORDERED that the motions of Defendants Ralph Levin and Lawrence Schecter for a protective order in both cause C76–306 and cause C76–308, should be, and they hereby are, overruled.

FURTHER ORDERED that the motions of Defendants Ralph Levin, Lawrence Schecter, and Dean S. Skillman to vacate the trial date of September 12, 1977, should be and they hereby are overruled as moot.

IT IS SO ORDERED.