**James M. POINDEXTER, Jr.,**
**Appellant,**

v.

**William A. TEUBERT, Chief of Police,**
**Department of the City of Beckley,**
**et al., Appellees.**

**No. 72–1006.**

United States Court of Appeals,
Fourth Circuit.

June 29, 1972.

Donald Pitts, Beckley, W. Va., and Franklin D. Cleckley, Morgantown, W. Va., on brief for appellant.

C. Elton Byron, Jr., and E. M. Payne, III, Beckley, W. Va., on brief for appellees.

Before HAYNSWORTH, Chief Judge, SOBELOFF, Senior Circuit Judge, and RUSSELL, Circuit Judge.

PER CURIAM:

The only issue presented in this appeal is whether the district court properly dismissed a class action brought by the appellant, James M. Poindexter, Jr.,

and one Timothy Anderson, Jr., who shall hereinafter be referred to as the plaintiffs.

On March 5, 1971, the plaintiffs instituted a class action in the district court in which they asserted that the Chief of Police and certain police officers of the City of Beckley, West Virginia, were engaging in a conspiracy to deprive them and "all other negro citizens of the United States, who shall visit, pass through, sojourn or frequent Beckley, Raleigh County, West Virginia, in the future," of certain rights guaranteed to them by the Constitution and laws of the United States. In support of this contention Poindexter and Anderson averred that they were harassed by the police officers on separate occasions because they were observed in the company of white girls. The district court dismissed the class action. However, the court noted that the plaintiffs could bring individual actions to redress any wrongs allegedly inflicted by the police officers. The appellant has now moved for summary reversal of this judgment. We, however, agree with the district court that the plaintiffs' complaint does not allege a proper class action and affirm the judgment below.

■ In order for an action to proceed as a class action, the four prerequisites set out in Rule 23(a) must be satisfied. Rule 23(a) provides that:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Appellant asserts that the district court erred in dismissing the class action because the plaintiffs would each have had to prove a separate factual situation to substantiate their claims. Appellant asserts that the allegations of racial discrimination are questions of fact common to all members of the class and that this alleged discriminatory policy of the defendants is sufficient to satisfy the requirements of Rule 23(a) (2). See Jenkins v. United Gas Corp., 400 F.2d 28 (5th Cir. 1968); Hall v. Werthan Bag Corp., 251 F.Supp. 184 (M.D.Tenn. 1966); *but see* Hyatt v. United Aircraft Corp., 50 F.R.D. 242 (D.Conn.1970); White v. Gates Rubber Co., 53 F.R.D. 412 (D.Colo.1971). We need not reach this issue since we think it clear that Poindexter and Anderson failed to show that there are other members of the class they purport to represent who have the same or similar grievances.

■ The burden is on the plaintiffs in a class action to show that their action meets the prerequisites of Rule 23(a). Demarco v. Eden, 390 F.2d 836 (2nd Cir. 1968); Phillips v. Sherman, 197 F.Supp. 866 (N.D.N.Y.1961). The plaintiffs only allege two acts of discriminatory treatment. They allege no facts tending to show that the defendants have engaged in similar practices with respect to other black citizens of Beckley, West Virginia. Thus they did not show and have not shown that there are other members of the class they purport to represent, and it cannot be said that their claims are typical of the claims or defenses of the class. Fed.R. Civ.P., 23(a) (1) & (3); see White v. Gates Rubber Co., *supra*; Page v. Curtiss-Wright Corp., 332 F.Supp. 1060, (D.N.J.1971); cf. Yaffe v. Powers, 454 F.2d 1362 (1st Cir. 1972).

We note, as did the district court, that the plaintiffs have their individual actions to redress any wrong inflicted upon them, and we express no opinion on the merits of these claims.

Accordingly, the appellant's motion for summary reversal is denied and we affirm the judgment below without oral argument.

Affirmed.