Doshia **JOHNSON** et al.,
Plaintiffs,

v.

**CITY OF GUTHRIE**, a political subdivision of the State of Oklahoma, et al., Defendants.

Civ. No. 74–181–D.

United States District Court,
W. D. Oklahoma,
Civil Division.

Aug. 2, 1974.

Henry W. Floyd and W. Dave Pardue, Oklahoma City, Okl., and Nathaniel R. Jones and James I. Meyerson, NAACP, New York City, for plaintiffs.

Frank W. Davis, Guthrie, Okl., for Sears, Roach, Gant, Barker, Avants, Stuart and Gross.

Merle G. Smith, Guthrie, Okl., Lynn Bullis, Jr., Monnet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, Okl., for City of Guthrie, Rodman, Anderson, Johnson, Nail, Branch, McDowell, Griffin and Orndorff.

C. J. Watts, Watts, Looney, Nichols, Johnson & Hayes, Oklahoma City, Okl., for Reese.

Thomas R. Williams, Guthrie, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

This is a Civil Rights Act case brought by two individuals, husband and wife, against a City, the Mayor, the City Councilmen, the Chief of Police and several individual Policemen, in which it is alleged the individual Plaintiffs have been subjected to continuous harassment, intimidation, false arrest, false imprisonment and physical abuse in connection with their operation of a cafe and beer parlor for which Plaintiffs seek monetary damages. The National Association for the Advancement of Colored People (NAACP) joined in the action as a party Plaintiff asserting its rights arise out of the same occurrences which give the individual Plaintiffs a claim for relief. Plaintiffs have filed a Motion For Class Action, which is supported by a Brief. All Defendants have responded in opposition to said Motion, accompanying their Responses with a

Brief. The Court conducted an evidentiary hearing on said Motion on July 22, 1974 as a preferred procedure as stated in *Rossin v. Southern Union Gas Company*, 472 F.2d 707 (Tenth Cir. 1973).[1]

At said hearing, individual Plaintiffs Doshia Johnson and Vernon Johnson testified that their grievances herein arise from alleged misconduct by a particular former city policeman concerning several arrests of Plaintiff Doshia Johnson for operating a disorderly house. The Plaintiffs formerly operated a cafe and beer parlor in the City of Guthrie. It is now closed due to a fire. They also testified that about 30 customers of their establishment have been arrested for loitering in a disorderly house over a period of several years. They stated that they have brought the alleged misconduct to the attention of the city officials who are Defendants herein.

The Complaint contains no reference to a class action. A Brief in Support of Plaintiffs' Complaint which was filed with the Complaint contains three propositions, none of which relate to a class action. Plaintiffs' Motion For Class Action filed at the time the Complaint was filed contains no description of the proposed class. The only description in the pleadings of the proposed class is contained in the Brief in Support or Plaintiffs' Motion For Class Action which states:

"Plaintiffs' (sic) seek to represent all blacks in the Guthrie area who have been subjected and are presently being subjected to racist police harassment."

and,

"The Plaintiffs seek to represent the bulk of the entire black community of Guthrie . . .".

At the evidentiary hearing, counsel for Plaintiffs verbally asserted that the class of persons Plaintiffs represent were all blacks in the City of Guthrie and all blacks who may visit the city.

Said counsel also suggested, as the Court recalls, that the purported class could consist of either the 30 customers who have allegedly been arrested in Plaintiffs' place of business or numerous customers or potential customers of their establishment (now closed) who are subjected to Civil Rights Act violations by the Defendants by the risk of being arrested or harassed while patronizing Plaintiffs' cafe (now closed).

The Defendants in Response to the Motion For Class Action have urged that same should be denied because Plaintiffs' claim is individualistic in nature and they have not shown that a class in fact exists which is represented by the individual Plaintiffs. Defendants further urge that a class action on the part of the Plaintiff NAACP is not proper as this Plaintiff has not alleged or shown it is a member of a purported class.

In the case of *Kriger v. European Health Spa, Inc., of Milwauke, Wis.,* 56 F.R.D. 104 (E.D.Wis.1972) the Court stated:

"To be maintainable as a class action, a claim must support a preliminary determination that the proposed class is capable of definition. It must also satisfy Rule 23, Federal Rules of Civil Procedure, in that it must fulfill all the requirements of 23(a) and come within one of the subparts of 23(b). *Thomas v. Clarke,* 54 F.R.D. 245, 248 (D.Minn.1971)."

The proposed class action herein is quite similar to that considered in the case of *Poindexter v. Teubert,* 462 F.2d 1096 (Fourth Cir. 1972) wherein the issues were stated as follows:

"On March 5, 1971, the plaintiffs instituted a class action in the district court in which they asserted that the Chief of Police and certain police officers of the City of Beckley, West Virginia, were engaging in a conspiracy

---

1. This case also states that a plaintiff has the burden of proving that the action is appropriately a class action.

to deprive them and 'all other negro citizens of the United States, who shall visit, pass through, sojourn or frequent Beckley, Raleigh County, West Virginia, in the future,' of certain rights guaranteed to them by the Constitution and laws of the United States. In support of this contention Poindexter and Anderson averred that they were harassed by the police officers on separate occasions because they were observed in the company of white girls."

The Court's findings and conclusions were as follows:

". . . The plaintiffs only allege two acts of discriminatory treatment. They allege no facts tending to show that the defendants have engaged in similar practices with respect to other black citizens of Beckley, West Virginia. Thus they did not show and have not shown that there are other members of the class they purport to represent, and it cannot be said that their claims are typical of the claims or defenses of the class. Fed.R.Civ.P., 23(a)(1) & (3); see *White v. Gates Rubber Co.*, supra; *Page v. Curtiss-Wright Corp.*, 332 F.Supp. 1060, (D. N.J.1971); cf. *Yaffe v. Powers*, 454 F.2d 1362 (1st Cir. 1972).

We note, as did the district court, that the plaintiffs have their individual actions to redress any wrong inflicted upon them, and we express no opinion on the merits of these claims."

In the instant case, looking to the prerequisites of Rule 23(a), Federal Rules of Civil Procedure,[2] the Court finds as follows:

If a proper class represented by Plaintiff Johnson is comprised of all Blacks in the city (approximately 2500) and those who might visit the city (number unknown) the numerosity test is present. If however, the 30 persons allegedly arrested over the years in Plain-

tiffs' establishment constitute the class, then the numerosity test is not met. In *Carlisle v. LTV Electrosystem, Inc.*, 54 F.R.D. 237 (N.D.Tex.1972) it was found a purported class of 48 members did not meet the numerosity test. Plaintiffs made no numerical showing of the number of blacks in the Guthrie area allegedly subjected to racist police harassment or the number of customers or potential customers of their place of business (now closed). Thus, except for the first alleged class, *supra*, Plaintiffs have not met the numerosity test.

Plaintiffs have also failed to show that other members of any of the purported classes have claims which have common questions of law or fact with Plaintiffs' claims herein which are that as a black cafe and beer parlor operator they have been arrested, abused and harassed in violation of their constitutional rights. The commonality test is therefore not met. *Poindexter v. Teubert, supra.*

In *White v. Gates Rubber Company*, 53 F.R.D. 412 (D.Colo.1971) the Court stated:

"Since the typicality requirement must be given an independent meaning, we are of the opinion that it requires the plaintiff to demonstrate that other members of the class he purports to represent have suffered the same grievances of which he complains."

Plaintiffs' grievances herein relate to alleged deprivation of their constitutional rights in their attempted operation of a business establishment. No showing has been made that any member of any of the purported classes has the same grievance. The typicality test is therefore not met. *Poindexter v. Teubert, supra; White v. Gates Rubber Company, supra.*

Inasmuch as all the prerequisites of Rule 23(a) have not been met by Plain-

---

2. These are (1) numerosity, (2) commonality, (3) typicality and (4) adequate representation.

tiffs under their burden as to any of the claimed classes, the Court must decline to declare that this action may be maintainable as a class action. Rule 23, Federal Rules of Civil Procedure. It is unnecessary to consider the fourth prerequisite of Rule 23(a) and whether any of the provisions of Rule 23(b) have been met.

Plaintiffs' Motion For Class Action is overruled.

It is so ordered this 2nd day of August, 1974.