The **DISTRICT OF COLUMBIA PODIATRY SOCIETY**, as representative of the class hereinafter described, et al., Plaintiffs,

v.

The **DISTRICT OF COLUMBIA** et al., Defendants.

Civ. A. No. 74–772.

United States District Court, District of Columbia.

Nov. 12, 1974.

Richard J. Medalie, Washington, D. C., for plaintiffs.

Martin Grossman, Asst. Corp. Counsel, Washington, D. C., for defendants.

MEMORANDUM

GASCH, District Judge.

This matter is before the Court on plaintiffs' motion pursuant to Rule 23(c)(1) of the Federal Rules of Civil Procedure for an order directing that the above-captioned action be maintained as a class action under Rule 23(b)(2).

Plaintiffs are the District of Columbia Podiatry Society, a professional society of Doctors of Podiatric Medicine licensed to practice in the District of Columbia, and eleven podiatrists who are members of the Society. Defendants are the District of Columbia, its mayor-commissioner Walter Washington, and its Director of the Department of Human Resources, Joseph P. Yeldell.

Plaintiffs claim defendants have discriminated against podiatrists in favor of physicians in administering the Medicaid Program in the District of Columbia in violation of Titles XVIII and XIX of the Social Security Act (42 U.S.C. §§ 1395jff and 1396ff) and in violation of the due process clause of the Fifth Amendment to the United States Constitution.

Plaintiffs seek an order declaring that the defendants' actions and inactions are in violation of the Social Security Act and the Fifth Amendment to the Constitution, and an order enjoining defendants from continued violations by (a) equalizing the scope of services relating to "the surgical, medical, or mechanical treatment of any ailment of the foot" as provided by physicians and podiatrists; (b) equalizing the level of payments to physicians and podiatrists for providing the same services; and (c) paying the same deductible and coinsurance amounts to physicians and podiatrists.

Plaintiffs have moved to maintain a class action under Rule 23(b)(2), that

> the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

■ The Court is denying this motion. Totally apart from the question of whether the plaintiffs have met the requirements of Rule 23(a) and (b) for maintaining a class action, the Court concurs with a recent trend of cases in which applications for class actions have been denied when the declaratory and injunctive relief being sought can be shaped to have the same purpose and effect as a class action.

In Ihrke v. Northern States Power Company, 459 F.2d 566, vacated as moot 409 U.S. 815, 93 S.Ct. 66, 34 L.Ed.2d 72 (1972) the Eighth Circuit upheld the trial court's denial of class action treatment where the plaintiff was seeking a declaration that the Constitution requires notice and hearing before a utility can terminate service, saying

> The prayer of the complaint (and of the amended complaint) is primarily for a declaratory judgment holding that the rules and regulations of Northern are unconstitutional in that they permit Northern to terminate the utility services of its customers without adequate prior notice and without

a fair and impartial hearing. No damages are requested on behalf of the Ihrkes or on behalf of the class. The determination of the constitutional question can be made by the Court and the rules and regulations determined to be constitutional or unconstitutional regardless of whether this action is treated as an individual action or as a class action. No useful purpose would be served by permitting this case to proceed as a class action. 459 F.2d 566, 572 (1972).

Similarly, in Martinez v. Richardson, 472 F.2d 1121 the Tenth Circuit upheld the trial court's denial of class action treatment where the plaintiffs were seeking injunctive and other relief to prevent the Department of Health, Education and Welfare from terminating certain home health care benefits which are provided to the elderly under the Medicare program. In this case, as in the *Ihrke* case, the District Court had not given any reasons for denying class status. The Circuit Court speculated that one reason the trial court might have dismissed the class action was because of the lack of requisite numerosity. But it added,

> [A]s we view it, a class action was not demanded here because the same relief could be afforded without its use and seemingly the court had something of this kind in mind when it provided in paragraph 6 of its findings for further enforcement action if the same should become necessary.

472 F.2d 1121, 1127 (1973).

It is true that the Seventh Circuit said in Fujishima v. Board of Education, 460 F.2d 1355 that "[i]f the prerequisites and conditions of Fed.R.Civ.P. 23 are met, a court may not deny class status because there is no 'need' for it." 460 F.2d 1355, 1360 (1972). But in commenting on this in Moore's Federal Practice, Professor Lucas writes,

> This appears to be an overstatement, since subparagraph (b)(2) provides that the propriety of injunctive or

corresponding declaratory relief with respect to the class as a whole is the touchstone for the maintenance of this form of class action. When an injunction on behalf of an individual plaintiff would have the same purpose and effect, there seems to be no reason why the court should go through the class action rituals . . . .[1]

3B J. Moore, Federal Practice ¶ 23.40 (1973 Supp. at 64).

In the instant case, the relief being sought can be fashioned in such a way that it will have the same purpose and effect as a class action. Therefore the plaintiffs' motion to maintain a class action will be denied.

---

1. At the opposite extreme, Judge Garrity, writing for a three-judge court in Schneider v. Margossian, 349 F.Supp. 741, said, "As the use of the word 'may' in Rule 23(b) suggests, a court is not bound to let a case continue as a class action because the requirements of Rule 23 are met . . . ." 349 F.Supp. 741, 746 (D.Mass.1972). Professor Lucas comments,

With deference, it appears more probable that "may be maintained" as used in Rule 23(b) means that the plaintiff may so maintain it, not that the matter is in the discretion of the court. On the other hand, . . . when full relief can be given in an individual action it seems perfectly sound to decide that a class injunction is not appropriate.

3B J. Moore, Federal Practice ¶ 23.40 (1973 Supp. at 64).