**Kenneth GRAY et al., Plaintiffs,**

**and**

**Equal Employment Opportunity Commission, Plaintiff-Intervenor,**

**v.**

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS et al., Defendants.**

**Civ. A. No. 74-944.**

United States District Court, District of Columbia.

Feb. 15, 1977.

Alexander W. Sierck and Gerald B. Wetlaufer, Washington, D. C., for plaintiffs.

Edward J. Dempsey and Hal Ponder, Washington, D. C., for plaintiff-intervenor.

Charles R. Both and Ronald Rosenberg, Washington, D. C., for defendant IBEW Local # 26.

Thomas X. Dunn and John P. Counts, Washington, D. C., for defendant IBEW.

Guy Farmer and William A. Gershuny, Washington, D. C., for defendant NECA.

John J. Pyne and William Dale, Washington, D. C., for defendants NECA (D.C.) and JATC.

## MEMORANDUM

GASCH, District Judge.

This action is brought by five black men who allege a violation of their rights under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* as amended by the Equal Employment Opportunity Act of 1972.[1] Defendants are the International Brotherhood of Electrical Workers, AFL–CIO ("IBEW"); IBEW Local Union # 26; the National Electrical Contractors Association (NECA); the local District of Columbia chapter of NECA; and the Washington, D. C. Joint Electrical Apprenticeship and Training Committee ("JATC"). Plaintiffs charge these defendants with discriminating against them and against other blacks in the electrical construction trades on the basis of their race. They seek, *inter alia,* declaratory and injunctive relief preventing defendants from continuing to engage in alleged discriminatory hiring practices, exclusionary membership practices, and alleged discriminatory selection and professional certification practices in connection with apprenticeship and pre-apprenticeship training programs.[2] Presently before the Court is plaintiffs' motion to certify this case as a class action. For the reasons briefly set forth below, the Court finds that the motion should be denied.

I.

The gravamen of the plaintiffs' claim appears to concern the defendants' use of certain "controversial" criteria for determining entrance into and advancement within the electrical construction trade in the Washington Metropolitan Area. These criteria include a general aptitude test prescribed and administered by the Department of Labor, the submission of a high school diploma, examination of high school grades, and a personal interview conducted by defendant JATC (a committee regulated by the District of Columbia government). Plaintiffs challenge the use of these and other criteria, seeking declaratory and injunctive relief, "back pay" for all aggrieved parties, and the award of attorneys fees.

Plaintiffs have moved to have this action certified as a class action to be maintained on behalf of the following groups:

> All black persons who are or who have been or might have been since July 20, 1965, or who may in the future become either an applicant for or a person in the status of (a) a Local 26 minority trainee, (b) a Local 26 advanced trainee, (c) a JATC apprentice, (d) a member of Local

---

1. Additionally, the Court has allowed the Equal Employment Opportunity Commission to intervene as a plaintiff in this case.

2. Although this action is predominantly one for general declaratory and injunctive relief, the plaintiffs do also seek more individualized forms of relief. *See* notes 8–9 *infra* and accompanying text.

26, (e) a Local 26 commercial journeyman, or (f) an employee under any Local 26-NECA (D.C.) collective bargaining agreement.

They contend that this action may be properly maintained as a class action pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure.[3] The defendants argue in opposition to certification that the nature of the claims for relief in this case are such that a class action would be unnecessary, inappropriate and unduly burdensome. The Court agrees with the latter assessment, finding no compelling reason why this action should proceed as a class action with respect to the bulk of plaintiffs' requested relief and sufficient reasons why it should not so proceed with respect to the remainder of plaintiffs' request.

## II.

The relief sought by the plaintiffs is for the most part in the nature of declaratory and injunctive relief. They seek this Court's determination that the defendants have engaged in and continue to engage in certain discriminatory practices in connection with which they are personally aggrieved. If they are successful in their suit, this Court must fashion an appropriate equitable decree. Such a decree would of course be directed toward the discriminatory practices alleged and would thus afford injunctive relief to all victims of such discrimination, not merely to the plaintiffs bringing this action.

Insofar as this aspect of the plaintiffs' suit is concerned, then, there exists no need for this case to be certified as a class action. This Court has consistently and emphatically adhered to the view that when, as here, "the relief being sought can be fashioned in such a way that it will have the same purpose and effect as a class action," the certification of a class action is unnecessary and inappropriate. *D. C. Podiatry Society v. District of Columbia,* 65 F.R.D. 113, 115 (D.D.C.1974); *see Edwards v. Schlesinger,* 377 F.Supp. 1091, 1093 & n. 9 (D.D.C), *rev'd on other grounds sub nom. Waldie v. Schlesinger,* 166 U.S.App.D.C. 175, 509 F.2d 508 (1974); *Kinsey v. Legg, Mason & Co., Inc.,* 60 F.R.D. 91, 100–01 (D.D.C.1973). This view, although supported by limited (yet prevailing) precedent when first articulated by this Court,[4] has now become a well-settled rule employed by numerous district courts,[5] discussed by at

---

3. These pertinent portions of Rule 23 provide as follows:

    (a) One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

    (b) An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied and in addition:

    .  .  .  .  .

    (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; .  .  . .

4. *See Martinez v. Richardson,* 472 F.2d 1121, 1127 (10th Cir. 1973); *Ihrke v. Northern States Power Co.,* 459 F.2d 566, 572 (8th Cir.), *vacated on other grounds and remanded with instructions to dismiss as moot,* 409 U.S. 815, 93 S.Ct.

66, 34 L.Ed.2d 72 (1972); *Bailey v. Patterson,* 323 F.2d 201, 206–07 (5th Cir. 1963), *cert. denied sub nom. City of Jackson v. Bailey,* 376 U.S. 910, 84 S.Ct. 666, 11 L.Ed.2d 609 (1974); *Bridgeport Guardians, Inc. v. Members of Bridgeport Civil Service Comm'n,* 354 F.Supp. 778, 783 (D.Conn.), *modified on other grounds,* 482 F.2d 1333 (2nd Cir. 1973); *National Welfare Rights Association v. Department of HEW,* Civil No. 264–73 (D.D.C. October 10, 1973); *but see Fujishima v. Board of Educ.,* 460 F.2d 1355, 1360 (7th Cir. 1972).

5. *See, e. g., Berlin Democratic Club v. Rumsfeld,* 410 F.Supp. 144, 163–64 (D.D.C.1976); *Coffin v. Secretary of HEW,* 400 F.Supp. 953, 956 (D.D.C.1975); *Nelson v. Likens,* 389 F.Supp. 1234, 1239 (D.Minn.1974), *aff'd per curiam,* 510 F.2d 414 (8th Cir. 1975); *Branham v. General Electric Co.,* 63 F.R.D. 667, 671 (M.D. Tenn.1974); *Mohr v. Jordan,* 370 F.Supp. 1149, 1153 n. 3 (D.Md.1974); *Vulcan Society v. Civil Service Comm'n,* 360 F.Supp. 1265, 1266–67 n. 1 (S.D.N.Y.1973); *duPont v. Woodlawn Trustees, Inc.,* 64 F.R.D. 16, 22 (D.Del.1974); *see also Hatfield v. Williams,* 64 F.R.D. 71, 75 (N.D. Iowa 1974); *McDonald v. McLucas,* 371 F.Supp. 831, 833–34 (S.D.N.Y.1974); *Worthen*

least one commentator,[6] and recognized by several circuit courts of appeal.[7] Accordingly, the Court finds that with respect to the predominant part of plaintiffs' prayer seeking declaratory and injunctive relief, "[n]o useful purpose would be served by permitting this case to proceed as a class action." *Ihrke v. Northern States Power Co.*, 459 F.2d 566, 572 (8th Cir.), *vacated on other grounds and remanded with instructions to dismiss as moot,* 409 U.S. 815, 93 S.Ct. 66, 34 L.Ed.2d 72 (1972). *See, e. g., Murray v. Swift,* Civil No. 76–292 (D.R.I. December 7, 1976); *Coffin v. Secretary of HEW,* 400 F.Supp. 953, 956 (D.D.C.1975); *Nelson v. Likens,* 389 F.Supp. 1234, 1239 (D.Minn.1974), *aff'd per curiam,* 510 F.2d 414 (8th Cir. 1975).

### III.

■ Beyond their request for declaratory and injunctive relief, plaintiffs seek only what they have variously described as "back pay" or "back pay and damages." In view of the fact that not one of the defendants to this action is an employer, it is not entirely clear whether plaintiffs seek—or, for that matter, are truly entitled to—relief in the form of "back pay."[8] In actuality, they also seek promotions, compensatory seniority and generally wish to be relegated to the positions which they assertedly would now occupy but for the alleged discriminatory conduct of the defendants.[9] Such claims, however, are highly individualistic in that the precise relief which this Court would hypothetically grant to each successful plaintiff would of course depend upon a number of factors and characteristics specific to that plaintiff alone. This Court could not grant the exact relief requested in this remaining portion of plaintiffs' prayer without first making an independent determination of each plaintiff's entitlement to such relief on the basis of a detailed, personalized evidentiary treatment. Any relief in the form of promotions or compensatory seniority, for example, would require an assessment of each plaintiff's personal qualifications, demonstrated work habits, and numerous other aspects of his particular employment history.

*Bank & Trust Co. v. National BankAmericard, Inc.*, 345 F.Supp. 1323, 1326–27 (E.D.Ark.1972); *cf., Officers For Justice v. Civil Service Comm'n of San Francisco,* 371 F.Supp. 1328, 1330 (N.D.Cal.1973); *Tyson v. New York City Housing Authority,* 369 F.Supp. 513, 516–17 (S.D.N.Y.1974); *but see Percy v. Brennan,* 384 F.Supp. 800, 810–11 (S.D.N.Y.1974).

**6.** Commenting on this principle in Moore's Federal Practice, Professor Lucas has concluded that "when full relief can be given in an individual action it seems perfectly sound to decide that a class injunction is not appropriate," there being "no purpose in going through the class action routine." 3B Moore's Federal Practice ¶ 23.40 (1975 Supp. at 83). *See id.* ¶ 23.10 at 2768; *see also Manual For Complex Litigation* § 1.401 ("Improper Use of Class Actions") (1976).

**7.** *See Craft v. Memphis Light, Gas & Water Division,* 534 F.2d 684, 686 (6th Cir. 1976); *United Farmworkers of Florida Housing Project, Inc. v. City of Delray Beach,* 493 F.2d 799, 812 (5th Cir. 1974); *Galvan v. Levine,* 490 F.2d 1255, 1261 (2nd Cir. 1973); *Martinez v. Richardson,* 472 F.2d 1121, 1127 (10th Cir. 1973); *Ihrke v. Northern States Power Co.,* 459 F.2d 566, 572 (8th Cir.), *vacated on other grounds and remanded with instructions to dismiss as moot,* 409 U.S. 815, 93 S.Ct. 66, 34

L.Ed.2d 72 (1972); *Bailey v. Patterson,* 323 F.2d 201, 206–07 (5th Cir. 1963), *cert. denied sub nom. City of Jackson v. Bailey,* 376 U.S. 910, 84 S.Ct. 666, 11 L.Ed.2d 609 (1974); *see also Potts v. Flax,* 313 F.2d 284, 289–90 (5th Cir. 1963); *cf., Carter v. Butz,* 479 F.2d 1084, 1089 (3rd Cir. 1973); *United States v. Hall,* 472 F.2d 261, 266 (5th Cir. 1974); *Cousins v. City Council of the City of Chicago,* 466 F.2d 830, 845 (7th Cir.), *cert. denied,* 409 U.S. 893, 93 S.Ct. 85, 34 L.Ed.2d 151 (1972); *but see Fujishima v. Board of Educ.,* 460 F.2d 1355, 1360 (7th Cir. 1972).

**8.** This question was raised at oral argument and was not satisfactorily resolved by counsel for either side. The Court therefore holds no present opinion as to the propriety of such relief under the instant circumstances.

**9.** *See* Plaintiffs' Memorandum at 2; Plaintiffs' Reply Memorandum at 4–5. Although the plaintiffs have not described in more specific detail the additional relief which they individually seek, they have provided the Court with sufficient information for it to reach the conclusion that class certification is unwarranted with respect to this portion of the case because of the individuality of the potential plaintiffs' claims.

Moreover, the Court can only conclude that because of the diverse circumstances of those putative parties which these plaintiffs seek to represent, and in view of the undoubtedly finite number of employment opportunities available to them, the likelihood of potential class members harboring mutually antagonistic interests is very great. See *Phillips v. Klassen,* 163 U.S.App.D.C. 360, 502 F.2d 362, 367, *cert. denied,* 419 U.S. 996, 95 S.Ct. 309, 42 L.Ed.2d 269 (1974); *Davis v. Weir,* 497 F.2d 139, 147 (5th Cir. 1974). The Court therefore finds that class certification would not be appropriate with respect to this remaining aspect of plaintiffs' requested relief "because the differing individual circumstances which exist would unnecessarily complicate this action, and thus, a class action . . . would not be a superior method for adjudicating this controversy." *Doe v. Wohlgemuth,* 376 F.Supp. 173, 182 (W.D.Pa.1974), *modified on other grounds sub nom. Doe v. Beal,* 523 F.2d 611 (3rd Cir. 1975). *See Tindall v. Hardin,* 337 F.Supp. 563, 567 (W.D.Pa.1972), *aff'd sub nom. Carter v. Butz,* 479 F.2d 1084, 1089 (3rd Cir. 1973).

Accordingly, the Court having found that class certification would be unnecessary and inappropriate with respect to the totality of plaintiffs' requested relief, the certification motion should be denied.