**Lenora B. ROWINSKI et al., Plaintiffs,**

v.

**W. W. VAUGHN et al., Defendants.**

**Civ. A. No. 76–1819.**

United States District Court,
District of Columbia.

July 29, 1977.

Laura J. Rayburn, Washington, D. C., for plaintiffs.

Joseph S. Kieffer, III, Sp. Asst. U. S. Atty., Washington, D. C. and Peter C. Schaumber, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM–ORDER

GASCH, District Judge.

This is primarily a Title VII action[1] brought against the Defense Supply Agency ("DSA"), in which two plaintiffs seek "declaratory and injunctive relief for discrimination against plaintiffs and other similarly situated employees of [DSA] because of their race, sex and/or age."[2]

Plaintiff Lenora B. Rowinski is a 53-year-old white female currently employed by DSA as a GS–11 Administrative Analyst in the Office of the Comptroller, within the Survey and Standards Division. She was assigned to this position in 1975 as part of a reduction-in-force; prior to that time, she had occupied a slot at the same grade level as an Employee Development Specialist in the Office of Civilian Personnel, within the Training and Incentives Division. She had been employed in the Office of Civilian Personnel since 1966,[3] at which time, she alleges, she was told that her potential career growth could include promotion to the GS–13 level.[4] She charges DSA with wrongfully denying her promotion beyond the GS–11 level and with failing to allow her to obtain "field training which would enhance her prospects of promotion."[5] Further, she alleges that DSA retaliated against her after she announced her inten-

tion to appeal a denial of promotion in July of 1975, and that the reduction-in-force which effected her reassignment was directed exclusively at her.[6] Finally, she charges that she was the only Employee Development Specialist in the Training and Incentives Division who was not graded a GS–13, assertedly because of the agency's alleged failure to conduct an "impartial" desk audit on her position.[7]

Plaintiff Herbert W. Johnson is a 40-year-old black male currently employed by DSA as an Employee Development Specialist in the same Office of Civilian Personnel, within the Training and Incentives Division, and has held this position since June of 1971 at the GS–13 level.[8] He alleges that his "career advancement has been interfered with" since 1975, when he assisted plaintiff Rowinski in the preparation of her promotion denial appeal and served as her personal representative in that matter.[9] Specifically, he alleges that he was fully qualified for promotion to a GS–14 position in November of 1975, but that he was wrongfully not even included on the list of "highly qualified" applicants for that position.[10] He alleges on information and belief that the selecting officials for this vacancy intentionally deflated his evaluation because of his association with plaintiff Rowinski earlier in that year.[11]

Presently before the Court is the motion of plaintiffs to certify this case as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure. They seek to

---

1. Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. §§ 2000e, et seq. Relief is sought also under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended by the Equal Pay Act of 1963, 29 U.S.C. § 206, and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq.

2. Complaint at ¶ 1.

3. See Affidavit of Henry E. Jacobs, Acting Staff Director of Civilian Personnel, Headquarters, DSA, at ¶ 2.

4. See Complaint at ¶ 13.

5. Id. at ¶ 16.

6. See id. at ¶¶ 18–19.

7. See id. at ¶¶ 14, 17.

8. See Affidavit of Henry E. Jacobs, supra, at ¶ 3.

9. See Complaint at ¶¶ 21, 23.

10. See id. at ¶ 24.

11. Plaintiff Johnson further challenges the fact that his lack of a college education was held against him—allegedly improperly—in connection with this promotion. See Complaint at ¶ 25.

represent a class consisting of: "all Blacks, females, and/or persons over the age of 40 years who are engaged in federal personnel work in other than a purely clerical capacity throughout DSA in both DSA Headquarters and the DSA field activities." [12]

■ In opposing the requested certification, the defendant agency points out [13] that much of the relief sought by these plaintiffs is in the nature of declaratory and prohibitory injunctive relief.[14] It is true that as regards such relief, it is not necessary for the Court to grant class certification, inasmuch as class-wide injunctive relief will be obtained if the plaintiffs prevail in this action. As this Court stated recently in another Title VII action:

> If [the plaintiffs] are successful in their suit, this Court must fashion an appropriate equitable decree. Such a decree would of course be directed toward the discriminatory practices alleged and would thus afford injunctive relief to all victims of such discrimination, not merely to the plaintiffs bringing this action.

*Gray v. I. B. E. W.*, 73 F.R.D. 638, 640 (D.D.C.1977). *See also D. C. Podiatry Society v. District of Columbia*, 65 F.R.D. 113, 115 (D.D.C.1974); *Edwards v. Schlesinger*, 377 F.Supp. 1091, 1093 & n. 9 (D.D.C.), *rev'd on other grounds sub nom. Waldie v. Schlesinger*, 166 U.S.App.D.C. 175, 509 F.2d 508 (1974); *Kinsey v. Legg, Mason & Co.*, 60

F.R.D. 91, 100–01 (D.D.C.1973), *rev'd on other grounds sub nom. Kinsey v. First Regional Securities, Inc.*, 557 F.2d 830 (D.C. Cir., 1977).

The plaintiffs do, however, seek additional affirmative injunctive relief for themselves and for putative members of the requested class, in the form of retroactive promotions and back pay.[15] As regards this portion of the case, the defendant agency argues that plaintiffs have not satisfied the "commonality" requirement of Rule 23(a)(2). It points out that most of the plaintiffs' claims are "highly individualized" in that they involve facts and circumstances which are for the most part specific only to these plaintiffs.[16] Certification of the requested class would be inappropriate, the agency argues, because the plaintiffs have failed to allege sufficient facts common to all DSA professional personnel employees nationwide. *See Gresham v. Ford Motor Co.*, 53 F.R.D. 105, 106 (N.D.Ga.1970). *See also Poindexter v. Teubert*, 462 F.2d 1096, 1097 (4th Cir. 1972). The agency therefore suggests that an appropriate class in this case would, at the very most, include only those professional personnel who work with plaintiffs at DSA's Washington Headquarters.[17]

■ This Court agrees with the defendant agency's arguments only in part. Although it is true that the claims of the

---

**12.** Plaintiff's Motion for Certification of Class Action at 1.

**13.** Counsel for the defendant agency raised this point for the first time at oral argument. In its papers, although not in open Court, the agency also attempted to argue, on the basis of two recent Supreme Court decisions, *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), and *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), that a class action may not be maintained unless each member of the putative class has individually exhausted his administrative remedies. This argument has been found lacking in merit by two other district courts and this Court finds likewise. *See Williams v. Tennessee Valley Authority*, 415 F.Supp. 454, 456–57 (M.D.Tenn.1976); *Predmore v. Allen*, 407 F.Supp. 1067, 1068–69 (D.Md.1976). As has been stated by the Fifth

Circuit, ". . . it is not necessary for unnamed members of the class . . . to exhaust their administrative remedies as a prerequisite to class membership." *Eastland v. Tennessee Valley Authority*, 553 F.2d 364, 372 (5th Cir. 1977). *See also Keeler v. Hills*, 408 F.Supp. 386, 388 (N.D.Ga.1975); *Sylvester v. U. S. Postal Service*, 393 F.Supp. 1334, 1341 (S.D.Tex.1975).

**14.** *See* Complaint at ¶¶ 36–38.

**15.** *See id.* at ¶¶ 39–40.

**16.** *See* notes 6–7 and 9–11 *supra* and accompanying text.

**17.** *See* Defendant's Memorandum in Opposition to Plaintiffs' Motion for Certification of Class Action at 12.

instant plaintiffs appear to be for the most part unique to themselves, the Court is also mindful of certain allegations here which are somewhat broader in scope. Plaintiff Rowinski, for example, has alleged a denial of training opportunities necessary for promotion on the basis of her sex.[18] Similarly, plaintiff Johnson's allegations call into question the uniformity of DSA's use of educational background as a criterion for promotion.[19] More importantly, though, plaintiff Johnson's allegations of retaliation against him as a result of his EEO assistance to plaintiff Rowinski is a serious charge with implications which extend well beyond the circumstances of his particular case. The Court therefore finds it appropriate to grant certification here so that these charges can be fully explored.

The broad class requested by the plaintiffs, however, does not appear appropriate to this case. The discrimination complained of here is alleged to have occurred in the Washington Headquarters Office of DSA. The only asserted connection between the employee personnel activities in DSA's Headquarters and in its numerous field offices[20] is the operation of a common employee screening panel which apparently makes initial evaluations concerning promotion opportunities. It appears, however, that these field offices are individually responsible for their staffing decisions.[21] Thus, while the Court will accede to plaintiffs' request by not limiting the class to those personnel professionals who occupy their precise job series,[22] it will limit the class to Headquarters employees only.[23]

Wherefore, it is by the Court this 29th day of July, 1977,

ORDERED that plaintiffs' motion for class certification be, and hereby is, denied in part and conditionally granted in part; and it is further

ORDERED that the class be defined as: all blacks and females who are engaged in federal personnel work in a professional, non-clerical position within DSA's Washington Headquarters offices, who have been subject to DSA's alleged discriminatory actions.

18. *See* note 5 *supra* and accompanying text.

19. *See* note 11 *supra; Complaint at* ¶ 20.

20. There apparently are approximately twenty DSA field offices nationwide in which personnel professionals are employed.

21. On this point the defendant agency has submitted the affidavit of Henry E. Jacobs, DSA's Acting Staff Director of Civilian Personnel, wherein he states that ". . . each of the field offices is responsible for its own hiring programs and staffing (selection) decisions. The Headquarters, Civilian Personnel Directorate does not have hiring responsibility or authority to approve the selection of any employees in field activities which are outside of the Directorate itself." *Id.* at ¶ 10.

22. Both plaintiffs occupy (or occupied) the position of Employee Development Specialist, jobs series # 235. This is apparently only one of five distinct professional personnel series classifications at DSA. *See* Affidavit of Henry E. Jacobs, *supra*, at ¶ 7.

It is noted that there are approximately "40 professional positions" in DSA's Headquarters Office. *Id.* at ¶ 5. Although it is not clear how many of these employees are blacks or women, the Court will certify such a class conditionally, as is provided by Rule 23(c)(1), pending a further showing by plaintiffs as to numerosity as required by Rule 23(a)(1). *See MacRae v. McCormick*, No. 76–1911 (D.D.C. July 7, 1977) (Slip Opinion at 7).

23. It is noted that although the plaintiffs have brought suit also under the Equal Pay Act and the Age Discrimination in Employment Act, and have included within their requested class "persons over the age of 40 years," they have neither in their papers nor in oral argument made reference to those statutes. While a purported class in an action arising under Title VII need satisfy only the requirements of Rule 23 of the Federal Rules of Civil Procedure for class certification to be appropriate, when a class is certified under the Equal Pay Act or the Age Discrimination in Employment Act, certain further requirements must be met. *See* 29 U.S.C. § 216(b). Plaintiffs, who bear the burden of showing that class certification is appropriate here, have failed to even address these requirements, let alone show that they are satisfied in this case. Therefore, certification under these statutes will be denied. *See Erpelding v. Thornhill*, No. 6–70229 (E.D.Mich. Oct. 15, 1976); *see generally Hull v. Continental Oil Co.*, 58 F.R.D. 636 (S.D.Tex.1973); *Price v. Maryland Casualty Co.*, 62 F.R.D 614 (S.D. Miss.1972).