Lenora B. ROWINSKI et al., Plaintiffs,

v.

W. W. VAUGHAN et al., Defendants.

Civ. A. No. 76–1819.

United States District Court, District of Columbia.

Dec. 19, 1977.

Laura J. Rayburn, Washington, D. C., for plaintiffs.

Joseph S. Kieffer, III, Sp. Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM–ORDER

GASCH, District Judge.

Presently before the Court is plaintiffs' motion to amend the Court's conditional certification of class action. By Order of July 29, 1977, 76 F.R.D. 241 (D.D.C.) the Court conditionally certified this action as a class action on behalf of "all blacks and females who are engaged in federal personnel work in a professional, non-clerical position within DSA's Washington Headquarters offices, who have been subject to DSA's alleged discriminatory action." Plaintiffs request the Court to amend its order and now certify the class to include "all past, present and future Black and female employees of defendants who have

sought or held, who presently hold, or who will seek professional, non-clerical personnel job-series positions within defendants' Headquarters Office of Civil Personnel." For the reasons set forth briefly below, the Court concludes that plaintiffs' motion should be denied in part and granted in part.

In requesting the Court to amend its conditional class certification, plaintiffs essentially are seeking to add three groups of individuals to the class. As presently defined, the class includes blacks and females presently employed in DSA's Washington Headquarters in professional personnel positions. Plaintiffs want to expand the class to include: (a) blacks and females who in the past have been, or (b) in the future will be, employed in such positions; and (c) blacks and females who have sought or will seek such positions. The Court believes that expansion of the class is justified only to include blacks and females who in the past have been employed in professional positions in the Headquarters Office of Civilian Personnel.

Amendment of the class to include past professional employees of the Headquarters' personnel office is appropriate for several reasons. First of all, plaintiffs Rowinski and Johnson have made several broad allegations of discrimination, including charges of discriminatory denial of training and promotional opportunities and discriminatory retaliation. Blacks and females who in the past have been employed in the Headquarters' personnel office professional positions, to the extent that they have been subject to these alleged. discriminatory practices, have claims similar to those of the plaintiffs. The fact that these individuals no longer are employed in the Headquarters' personnel office does not negative this similarity. Secondly, plaintiff Rowinski herself is a past employee of the Office of Civilian Personnel.[1] Thus, she can properly

1. Although plaintiff Rowinski continues to be employed in Washington Headquarters Office, she has not been in the Office of Civilian Personnel since November, 1975. She presently is an Administrative Analyst in the Survey and Standards Division of the Office of Comptroller. Complaint at ¶ 11.

Anna Acquasanta, whose action against defendants has been consolidated with the instant action, also is a past employee of the Office of

represent other past employees who have claims similar to hers. Accordingly, the class certification should be amended to include past professional employees of DSA's Washington Headquarters' Office of Civilian Personnel.[2]

The Court does not agree with plaintiffs' contention that future black and female professional employees in the Headquarters' Personnel Office should be part of the class. These individuals would not be entitled to any retroactive promotions or back pay relief that past and present employees might obtain. Their right to be free from future discrimination by defendants would be adequately protected, however, if the Court grants plaintiffs' request for declaratory and prohibitory injunctive relief. Injunctive relief directed at the alleged discriminatory practices of defendants would be class-wide in effect, and future employees would benefit from it although they were not members of the class in this action.[3]

The Court also feels compelled to deny plaintiffs' request to include within the class non-professional black and female employees who have sought, and will seek, professional personnel positions in DSA's Washington Headquarters. The claims of these individuals are sufficiently dissimilar from plaintiffs' claims that inclusion of these individuals in the class is inappropriate. Plaintiffs' claims are directed at alleged practices of the defendants denying blacks and females training and promotional opportunities within the professional personnel job series. These claims raise different issues than the claims of non-professionals, which most probably would concern discriminatory implementation of job quali-

fications restricting entrance into the professional personnel job series. For example, plaintiffs suggest that clerical employees have been, and are being, denied "opportunities to develop careers in the professional personnel series. . . ." Plaintiffs view career development as including "upward mobility efforts to integrate females and minorities through bridge positions, job restructuring, and the like."[4] Clearly, the efforts of defendants to develop opportunities for clerical employees to gain professional positions raise markedly different questions and problems from those raised by the practices of defendants regarding advancement of employees within the professional job series. The Court concludes that plaintiffs' claims are not "typical" of the claims of non-professionals in DSA's Headquarters' Office. Fed.R.Civ. P. 23(a)(3); see, e. g., Pendleton v. Schlesinger, 73 F.R.D. 506, 509 (D.D.C.1977). Moreover, it is not at all clear that plaintiffs, who are professionals presumably competing with non-professionals seeking their positions, can adequately represent the claims of the non-professionals. Accordingly, the Court will not expand the class to include non-professionals who have sought or will seek positions in the professional personnel job series.

Wherefore, it is by the Court this 19th day of December, 1977.

ORDERED that plaintiffs' motion to amend the Court's conditional certification of class action be, and hereby is, denied in part and granted in part; and it is further

ORDERED that the class be defined conditionally as:

Civilian Personnel. Plaintiff Acquasanta, unlike plaintiff Rowinski, presently is not employed at DSA's Headquarters Office.

2. Plaintiffs indicate knowledge of at least six other past female employees who have been subjected to the alleged discriminatory practices of defendants. Plaintiffs' Response to Defendants' Memorandum in Opposition to Plaintiffs' Motion to Amend Conditional Certification of Class Action at 2. Plaintiffs also have indicated that approximately twelve blacks and females are presently employed in the Headquarters' Office of Civilian Personnel. Plain-

tiffs' Points and Authorities in Support of Motion to Amend Conditional Certification of Class Action at 2. Thus, the Court will continue its certification of the class as conditional, pending a further showing by plaintiffs as to numerosity as is required by Rule 23(a)(1).

3. See the Court's Memorandum-Order of July 29, 1977, at 4, and cases cited therein.

4. Plaintiffs' Points and Authorities in Support of Motion to Amend Conditional Certification of Class Action at 3.

all blacks and females who are, or who in the past were, engaged in federal personnel work in a professional, non-clerical position within DSA's Washington Headquarters offices, who have been subject to DSA's alleged discriminatory actions.