**Drew B. TUCKER, Appellant,**

v.

**LOCAL 26, INTERNATIONAL BROTH-
ERHOOD OF ELECTRICAL
WORKERS.**

**No. 84–5392.**

United States Court of Appeals,
District of Columbia Circuit.

Argued April 22, 1985.

Decided May 21, 1985.

June D.W. Kalijarvi, Washington, D.C., with whom George M. Chuzi, Washington, D.C., was on the brief, for appellant.

Brian A. Powers, Washington, D.C., with whom Robert J. Henry, Washington, D.C., was on the brief, for appellee.

Sally Armstrong, Robert Matisoff, and James R. O'Connell, Washington, D.C., entered appearances for appellee.

Before WRIGHT, Circuit Judge, MAR-KEY,* Chief Judge, United States Court of Appeals for the Federal Circuit, and SCALIA, Circuit Judge.

Opinion for the court filed by Chief Judge MARKEY.

MARKEY, Chief Judge:

Drew B. Tucker appeals from an order of the United States District Court for the District of Columbia dismissing his complaint. We reverse and remand with instructions to vacate the order.

## Background

Tucker was a trainee in a Minority Training Program established by Local 26, International Brotherhood of Electrical Workers, D.C. (Local 26) and the Washington Chapter, National Electrical Contractors Association. In 1983, Tucker filed with the EEOC a charge of racial discrimination on the part of Local 6, seeking referral to work, union membership, and back pay. Local 26 granted membership and referred him to work, but refused back pay. In November 1983, the EEOC gave Tucker a Notice of Right to Sue (Notice). On February 23, 1984, Tucker sued Local 26 in the district court, seeking back pay for the 18 months he had not been referred to work.

In *Gray, et al.* and *EEOC v. International Brotherhood of Electrical Workers, et al.*, CA No. 74–944 (D.D.C. April 1, 1977) five black males sued Local 26 for violation of their rights under 42 U.S.C. § 1981 and Title VII, Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Class action certification was denied, 73 F.R.D. 638 (1977), a consent decree was entered, and Judge Gasch retained jurisdiction. The consent decree established a Monitoring Board (Board) to resolve similar disputes in future. Any petitioner dissatisfied by the action or inaction (within 8 weeks) of the Board could seek review in the district court.

Tucker filed his present complaint before Judge Gasch as "a related case". The case was transferred to Judge Gesell. When Local 26 said the consent decree required Tucker to petition the Board before suing, the parties moved jointly for a 90-day stay to permit the Board to act. The court denied the motion and dismissed the complaint without prejudice to reopening if issues were not resolved by the Board. His request for reconsideration having been denied, Tucker filed this appeal.

## Issue

Whether the district court erred in dismissing Tucker's complaint.

## OPINION

We agree with Judge Gesell's characterization of the present litigation as days of wasted effort resulting from an unintelligent approach by both parties. Having obtained union membership and a job, Tucker is suing for 18 months' pay. Local 26 is bound by the consent decree to avoid violation of 42 U.S.C. § 2000e, *et seq.* or 42 U.S.C. § 1981 and the Board is required to hear the petition of any person contending that Local 26 is not complying with the decree.

Before the district court and this court, the parties have conducted a rain dance around the central question, i.e., whether Tucker can be required to petition the Board before suing. Tucker says the Board never met; Local 26 says it did and Tucker failed to appear. Tucker says he need not have petitioned the Board because Local 26 submitted his case to the Board. Local 26 moved to strike all allegations concerning Board matters occurring after dismissal of the complaint.

Having filed his complaint as "related" to *Gray, supra,* and joined a motion for stay to permit Board action, thus leading Judge Gesell to think he would seek resolution by the Board, Tucker now argues that he is not bound by the consent decree. The brief of Local 26 totally ignores that question, proceeding entirely on the assumption that Tucker is so bound. Each party accuses the other of misrepresentation of facts

---

* Sitting by designation pursuant to 28 U.S.C. § 291(a) (1982).

"not of record", in an appeal devoid of an evidentiary record.

Though Judge Gesell carefully provided for reopening the case before him if the Board did not resolve all issues, Tucker did not petition the Board. Nor did he move to reopen, citing what he now says is the Board's unwillingness to function. Instead, he devoted a year to this appeal, seeking what equates essentially to a reopening.

The rain dancers have produced no rain. Both are where they were when the dance began.

We disregard entirely all assertions respecting action and inaction of the Board, because those allegations are irrelevant. For the same reason, we deny as moot Local 26's motion to strike.

Stated simply, the threshold question is whether the consent decree required Tucker to petition the Board before submitting his Title VII claim to judicial review. The law requires, even at this delayed stage, a negative answer to that question.

Tucker filed his charge first with the EEOC and received his Notice. He had at that point exhausted his statutorily provided administrative remedies and had met the exhaustion requirements of Title VII before he filed the present complaint. 42 U.S.C. § 2000e-5.

Tucker was not a party in *Gray, supra.* The parties' assertions about whether he would have been a putative class member, and whether that would have had effect here, are part of the rain dance and irrelevant. *Gray* was not a class action. Similarly, Local 26's assumption that a judicially supervised consent decree, unlike private arbitration agreements, may add to Tucker's Title VII exhaustion requirement is irrelevant, Tucker being in no manner bound by that decree.

Local 26 does not say Tucker was a party in *Gray,* or that he was told of the decree when he became a trainee, or that he consented to have his Title VII right to judicial review delayed by a Board proceeding under the decree, or that he signed or had anyone sign on his behalf any waiver of that right. As above indicated, Local 26 simply ignores the question of whether Tucker is bound by the consent decree; it assumes that the decree somehow establishes a waiver of Tucker's right, on receipt of EEOC's Notice, to judicial review of his claim that he was denied his Title VII right to be free of racial discrimination.

In *Alexander v. Gardener-Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed. 147 (1974), employee Alexander had invoked the compulsory arbitration clause of his union's collective-bargaining agreement, and had submitted, virtually simultaneously, a complaint to the EEOC. When the arbitrator ruled that he had been discharged for just cause and the EEOC issued its Notice, Alexander sued. The District Court granted summary judgment, dismissing the complaint, and the Court of Appeals affirmed. The Supreme Court reversed, making clear that a waiver of Title VII's right to judicial review, if possible at all, must be voluntary and knowing and part of a settlement. 415 U.S. at 52 n. 15, 94 S.Ct. at 1021 n. 15. Though the court dealt in *Alexander* with an arbitration proceeding, its explication of the role of the judiciary under Title VII, 415 U.S. at 44, 45, 47, 94 S.Ct. at 1017, 1018, 1019, undergirds our conclusion that Tucker's right to judicial review following receipt of his Notice cannot be detoured onto a siding created by a consent decree to which he is a total stranger.

Though Tucker came late to a recognition that, in relation to his right to judicial review, his complaint and the consent decree are not related, that fact compels us to reverse and remand with instructions to vacate the order of dismissal.

*So ordered.*